■ Eddie Lunger, an Infant, by His Father and Natural Guardian, Joseph J. Lunger, Appellant, v. Hartford Accident & Indemnity Company, Respondent.— In an action upon the New York Automobile Accident Indemnification Endorsement in an insurance policy issued by defendant to the parents of plaintiff, a minor, to recover damages for plaintiff's personal injuries, plaintiff appeals from an order of the Supreme Court, Nassau County, dated November 18, 1970, which granted defendant's motion to stay the action pending arbitration. Order reversed, with $10 costs and disbursements, and motion denied. On April 30, 1969 plaintiff was struck and injured by an automobile owned and operated by one Eugene Klee. Plaintiff was then six years of

age. Klee's automobile was registered in Oklahoma and was covered by a liability insurance policy with a limit of $5,000, issued by an insurance company located in Washington, D. C. As the $5,000 limit of Klee's policy was less than the $10,000/$20,000 minimum required in New .York State, his automobile was an "uninsured automobile" within the purview of the standard New York Automobile Accident Indemnification Endorsement required in New York automobile liability policies and contained in the policy issued by defendant to plaintiff's parents, with whom plaintiff resided (*Matter of Neals* v. *Allstate Ins. Co.*, 34 A D 2d 265); and, because he resided with his parents, plaintiff was an "insured" under his parents' policy, pursuant to said endorsement. On July 3, 1969 plaintiff made a claim against defendant under said endorsement. When defendant refused or failed to settle the claim, plaintiff served a demand for arbitration of the claim, pursuant to the provisions of said endorsement and the Rules of the American Arbitration Association. Thereafter, plaintiff was notified by the American Arbitration Association that it could not entertain his application for arbitration because he had not first obtained permission of the court for submission of his claim to arbitration (as required by CPLR 1209). Plaintiff then brought this action. The ground upon which Special Term granted defendant's motion to stay the action was that plaintiff's sole remedy, under the endorsement in question, is arbitration and that he must therefore prosecute his claim by seeking leave of the court to submit it to arbitration. In our opinion, Special Term's determination was erroneous. In *Chernick* v. *Hartford Acc. & Ind. Co.* (8 A D 2d 264, affd. 8 N Y 2d 756) it was squarely held that an infant plaintiff need not seek permission of the court to arbitrate his claim under an uninsured automobile endorsement, but may instead bring a plenary action against the insurer based upon his claim under such endorsement. It is true that *Chernick* was decided before the CPLR was enacted and that the applicable provision therein considered was section 1448 of the Civil Practice Act. But the successor section in the CPLR (1209) has been held to be merely a recodification of section 1448, without any substantive change (see *Schneider* v. *Schneider,* 17 N Y 2d 123, 127). Hence, *Chernick* is still the law and it controls the disposition of this appeal. Hopkins, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.