■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v EDWARDO BONILLA, Appellant.—In a proceeding pursuant to CPLR 7503 (c) to permanently stay arbitration, the appeal is from an order and judgment (one paper) of the Supreme Court, Queens County (Hyman, J.), dated October 29, 1984, which granted the petition.

Order and judgment reversed, on the law, with costs, and application denied.

On February 16, 1982, appellant Edwardo Bonilla, while operating his vehicle, was involved in an accident with a vehicle operated by Mayline Copper and owned by Curtis Mondesir. On January 9, 1984, petitioner insurance company received a demand for arbitration based upon the uninsured motorist indorsement on an automobile liability policy written by it and issued to appellant. By notice of petition and petition dated February 21, 1984, petitioner moved pursuant to CPLR 7503 (c) to stay the arbitration upon the grounds that appellant's policy had been canceled on September 16, 1981 and the Mondesir vehicle was covered by insurance.

Trial Term ruled that there was valid insurance coverage on the Mondesir vehicle and stayed arbitration as against petitioner.

We reverse. CPLR 7503 (c) requires that a party served with a demand for arbitration make application to stay such arbitration within 20 days after service of the demand or be time barred. The exception set forth in *Matter of Matarasso (Continental Cas. Co.)* (56 NY2d 264) does not pertain to the situation before us, as there, no agreement to arbitrate was ever entered into by the parties. Here, the issues are whether or not the arbitration clause was still in effect as of the accident date, that is, had petitioner validly canceled prior to the accident a preexisting policy which contained an agreement to arbitrate *(see, Matter of Nassau Ins. Co. [Clemente],* 100 AD2d 969; *Matter of State Farm Mut. Auto. Ins. Co. [Richards],* 99 AD2d 785), and whether the Mondesir vehicle was covered by insurance.

Accordingly, petitioner's failure to timely move for a stay in response to the demand for arbitration mandates dismissal of this proceeding. Lazer, J. P., Rubin, Kunzeman and Kooper, JJ., concur.