■ JUDITH M. HUBERT, Appellant, v LUMBERMENS MUTUAL CASUALTY COMPANY, Respondent.—Harvey, J. Appeal (1) from an order of the Supreme Court at Special Term (Ellison, J.), entered March 4, 1985 in Schuyler County, which denied plaintiff's motion for summary judgment and dismissed the complaint, and (2) from the judgment entered thereon.

In this declaratory judgment action, plaintiff is seeking to establish $20,000 as the limit of uninsured motorist coverage available to her under her insurance policy with defendant. In January 1984, plaintiff, a pedestrian, allegedly suffered serious injuries when she was struck by an uninsured motor vehicle. At the time of the accident, plaintiff was the owner of two motor vehicles which were covered by a single policy of insurance issued by defendant. Part C of her policy, entitled "Uninsured Motorists Coverage", states that the maximum limit of liability for all damages resulting from any one accident is shown in the policy's declarations. The declarations state that the maximum uninsured motorists coverage is $20,000 for each accident. Plaintiff's policy of insurance also contains a New York "Automobile Accident Indemnification Coverage" indorsement. This indorsement provides that the limit of coverage for damages as a result of bodily injury is $10,000 per person, and if two or more persons are injured, $20,000 per accident. Plaintiff's motion for summary judgment declaring $20,000 to be the limit of coverage available to her as a sole claimant was denied, and her complaint against defendant was dismissed. This appeal ensued.

Plaintiff contends that there is an ambiguity as to the amount of coverage and thus she should be provided with $20,000 coverage. We disagree. An insurance policy and its indorsement are entitled to equal weight and should be construed harmoniously (Thompson-Starrett Co. v American Mut. Liab. Ins. Co., 276 NY 266, 270; see, Shapiro v Glens Falls Ins. Co., 39 NY2d 204, 208 [Wachtler, J., dissenting]; 13A Appleman, Insurance Law & Practice § 7537, at 143). Although ambiguities are to be construed liberally in favor of the insured, if the only reasonable construction is favorable to the insurer, it must be followed (Government Employees Ins. Co. v Kligler, 42 NY2d 863, 864). Here, reading the indorsement and policy together results in a finding that the limit of defendant's liability for injuries caused by an uninsured motorist is $10,000 per person, $20,000 per accident. The indorsement does not contradict or create an ambiguity; it merely clarifies the policy provisions. Thus, the indorsement's language must be given its clear intended effect of limiting

liability to $10,000 per person per accident *(see, Thompson-Starrett Co. v American Mut. Liab. Ins. Co., supra,* p 270 ["the indorsement and policy must be read together and \* \* \* the policy remains in full force and effect except as altered by the words of the indorsement"]).

Plaintiff's contention that an amendment to part C of the policy should be construed to require $20,000 worth of coverage is without merit. The amendment states that part C of the policy does not provide uninsured motorist coverage to the extent that coverage is provided by the indorsement. This language cannot be reasonably construed to support plaintiff's argument.

Since Special Term improperly dismissed the complaint rather than affirmatively declaring the rights of the parties to this declaratory action *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3001:22, p 372), the order and judgment must be modified accordingly.

Order and judgment modified, on the law, with costs to defendant, by reversing so much thereof as dismissed the complaint; it is declared that the limit of coverage available to plaintiff under the terms of defendant's policy is $10,000; and, as so modified, affirmed. Main, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.