◼ In the Matter of METROPOLITAN PROPERTY AND LIABILITY INSURANCE COMPANY, Appellant, v DANELIA VILLARRUBIA, Respondent.—In a proceeding pursuant to CPLR 7503 to permanently stay the arbitration of an underinsured motorist claim, the petitioner appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 15, 1985, which denied the application.

Order reversed, on the law, with costs, and petition granted.

The "declarations" page of the respondent's automobile insurance policy indicates that she purchased "uninsured" motorist coverage with policy limits of $10,000 for the injury of one person in any one accident and $20,000 for the injury of more than one person in any one accident *(see,* Insurance Law § 3420 [f] [1]). However, it is clear that the respondent failed to purchase "Supplementary Uninsured Motorist Insurance", which was necessary for her to purchase in order to be covered in the event that she was in an accident with an

"underinsured" motorist *(see,* Insurance Law § 3420 [f] [2]; *Metropolitan Prop. & Liab. Ins. Co. v Cassidy,* 127 Misc 2d 641; *Gull v General Acc. Fire & Life Assur. Corp.,* 121 Misc 2d 721). In other words, in order to be covered against "underinsured" motorists, an insured must purchase optional "Supplementary Uninsured Motorist Insurance" *(see, Metropolitan Prop. & Liab. Ins. Co. v Cassidy, supra).* Since the "declarations" page of the policy fails to indicate that the respondent purchased that type of insurance, the petition should have been granted. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.