■ In the Matter of MARYLAND CASUALTY COMPANY, Appellant, v MARY A. HOPKINS, Respondent.—Order unanimously reversed on the law without costs and petition granted. Memorandum: On September 17, 1985, respondent was involved in an automobile accident when her 1980 Ford Pinto was struck in the rear by an automobile owned and operated by Robert Small. Respondent's automobile was completely demolished and she sustained serious injuries. She subsequently settled her claim against Small and thereafter made a claim for underinsured motorist coverage under the insurance policy she had with petitioner. Petitioner disclaimed coverage on the ground that respondent did not purchase or pay for underinsured motorist coverage. Respondent made a demand for arbitration on or about January 28, 1987. Petitioner applied for a stay of arbitration on March 6, 1987. Special Term concluded that an agreement to arbitrate existed between the parties at the time of the accident and therefore petitioner's application for a stay of arbitration was untimely pursuant to CPLR 7503 (c).

We reverse. While the failure to move to stay arbitration within the 20-day period specified in CPLR 7503 generally constitutes a bar to judicial intrusion into arbitration proceedings *(Aetna Life & Cas. Co. v Stekardis,* 34 NY2d 182, 184; *see also, Matter of Spychalski [Continental Ins. Cos.],* 45 NY2d 847), there is a recognized exception to this rule. A motion to stay arbitration properly may be entertained outside the 20-day period specified in CPLR 7503 (c) when "its basis is that the parties never agreed to arbitrate, as distinct from situations in which there is an arbitration agreement which is nevertheless claimed to be invalid or unenforceable because its conditions have not been complied with" *(Matter of Matarasso [Continental Cas. Co.],* 56 NY2d 264, 266). The court in *Matarasso (supra,* at 267) specifically declined to "impute to the Legislature an intent to bind persons to the arbitral process by their mere inaction for 20 days where no agreement to arbitrate has ever been made." Here, petitioner made a prima facie showing that no agreement to arbitrate had ever been made between the parties. The declarations page of respondent's automobile insurance policy indicates that she failed to purchase underinsured motorist coverage containing an agreement to arbitrate. Petitioner having demonstrated, without refutation, the absence of an agreement to arbitrate brings the dispute within the recognized exception to the 20-day period specified in CPLR 7503 (c) *(see, Matter of Metropolitan Prop. & Liab. Ins. Co. v Villarrubia,* 119 AD2d 576).

Moreover, we find that petitioner had no obligation to deny coverage pursuant to Insurance Law § 3420 (d) because respondent never purchased or paid for underinsured motorist coverage. The failure to disclaim coverage does not create coverage which the insurance policy was not written to provide; to do so would impose liability upon the carrier for a risk for which no premium had ever been received *(see, Zappone v Home Ins. Co.,* 55 NY2d 131, 135-136). (Appeal from order of Supreme Court, Erie County, Wolfgang, J.—arbitration.) Present—Boomer, J. P., Green, Pine, Lawton and Davis, JJ.