◼ PHILAMENA B. TERWILLIGER, Respondent, v AMERICAN MOTORISTS INSURANCE COMPANY et al., Appellants.—Kane, J. P. Appeal from an order of the Supreme Court (Fischer, J.), entered November 9, 1988 in Broome County, which, inter alia, denied defendants' cross motion for summary judgment.

In December 1985, plaintiff was struck and injured by an automobile and eventually settled a lawsuit against the driver for $10,000, the liability limit of the driver's automobile insurance policy. Thereafter, plaintiff was denied additional coverage under a policy issued by defendants that plaintiff alleges included underinsured motorist insurance; however, no underinsured motorist endorsement was included with the policy. Plaintiff then commenced the instant lawsuit seeking a declaration that the policy included underinsured coverage in the amount of $20,000. Plaintiff subsequently moved for summary judgment with defendants cross-moving for summary judgment and a declaration that there was no underinsurance coverage available to plaintiff under the policy. Supreme Court denied the motions, finding that an issue of fact existed as to whether plaintiff and defendants had entered into an oral contract for underinsured motorist coverage based upon what Supreme Court found to be ambiguous language in the

policy. Defendants now appeal from so much of the order as denied them summary judgment.

Initially, we note that Supreme Court erroneously found a factual issue as to the existence of an oral contract. Plaintiff's cause of action is premised on "the impression that [she] had purchased additional [underinsured motorist coverage]" based upon a reading of her application for insurance and the policy itself. Plaintiff has submitted no proof of the existence of an oral contract, and the affidavit of defendants' agent who spoke with plaintiff denies the existence of any oral agreement for underinsurance coverage.

As for the policy itself, plaintiff argues that it can be read as providing underinsured motorist coverage due to the placing of the phrase "out of state coverage" in the supplementary coverage section of the original insurance application. Plaintiff contends that the "out of state" language does not refer to any of the attached endorsements to the policy and that Supreme Court correctly held that it could apply to an unissued underinsurance endorsement. Mindful that any ambiguity in the policy should be interpreted in favor of the insured, we find here that the only reasonable interpretation possible is that plaintiff was not insured against underinsured motorists (see, Hubert v Lumbermens Mut. Cas. Co., 117 AD2d 964). Were we to accept that the phrase "out of state coverage" created an ambiguity as to the policy's scope of coverage, reading the insurance policy together with its endorsements (see, supra), we conclude that the policy contains no ambiguity as to the issue herein but instead clearly fails to provide underinsured coverage as shown by the absence of any underinsured endorsement. Plaintiff has failed to submit any credible proof otherwise and therefore defendants were entitled to summary judgment and a declaration in their favor.

Order modified, on the law, without costs, by reversing so much thereof as denied defendants' cross motion for summary judgment; cross motion for summary judgment granted and it is declared that there is no underinsured motorist coverage available to plaintiff under the automobile insurance policy issued by defendants; and, as so modified, affirmed. Kane, J. P., Weiss, Yesawich, Jr., Mercure and Harvey, JJ., concur.