■ In the Matter of ROYAL INSURANCE COMPANY OF AMERICA, Appellant, v RALPH L. VINCIGUERRA, Respondent.—Judgment unanimously reversed on the law without costs and

petition granted. Memorandum: Petitioner applied to stay arbitration of its insured's claim for underinsurance benefits, contending that the insured never purchased underinsured motorist's protection *(see,* Insurance Law § 3420 [f] [2]). Supreme Court denied the motion, holding that, because the declarations page of the policy did not set forth a per person limit for uninsured motorist protection and set forth only a per accident limit of $20,000, the insured had underinsurance to the extent of $10,000.

Supplementary uninsured motorist's insurance, or underinsurance, is not a mandated coverage for all automobile policies; the insured must opt to purchase it *(see,* Insurance Law § 3420 [f] [2]; *Reichel v Government Employees Ins. Co.,* 66 NY2d 1000; *Matter of Maryland Cas. Co. v Hopkins,* 142 AD2d 946, *lv denied* 73 NY2d 702; *Matter of Metropolitan Prop. & Liab. Ins. Co. v Villarrubia,* 119 AD2d 576; *Matter of Nationwide Mut. Ins. Co. [Miller],* 111 AD2d 438). The insured has not claimed or demonstrated that he paid a premium for that additional coverage. The sole basis for the insured's assertion of underinsurance coverage is the absence of any limit on per person uninsured motorist coverage. The insured, relying upon *Morris v Progressive Cas. Ins. Co.* (662 F Supp 1489), contends that, in the absence of a limitation, he had per person coverage of $20,000, which exceeds the statutory *maximum* for uninsured motorist protection *(see,* Insurance Law § 3420 [f] [1]). In our view, *Morris* does not support the insured's contention. The declarations page of the policy in *Morris* expressly provided "uninsured" coverage of $100,000/ $300,000. That coverage clearly exceeded the maximum allowed for uninsured motorist protection and supported a finding that the insured obtained underinsurance. In the subject case, however, the declarations page expressly limits uninsured motorist protection coverage to $20,000 per accident, which complies with the mandate of subdivision (f) (1) of section 3420 of the Insurance Law. There is no basis for drawing an inference from the declarations page that the insured purchased additional underinsurance protection *(see, Matter of Maryland Cas. Co. v Hopkins, supra; Matter of Metropolitan Prop. & Liab. Ins. Co. v Villarrubia, supra).* Moreover, the subject policy does not include a supplementary uninsured motorist's insurance indorsement *(see, Terwilliger v American Motorists Ins. Co.,* 156 AD2d 805, 806). In sum, respondent did not obtain underinsurance coverage, there is no agreement to arbitrate a claim for underinsurance benefits, and the petition for a stay of arbitration should have been

granted *(see, Matter of Maryland Cas. Co. v Hopkins, supra).* (Appeal from judgment of Supreme Court, Onondaga County, Mordue, J.—arbitration.) Present—Denman, J. P., Green, Balio, Lawton and Davis, JJ.