■ In the Matter of COLONIAL PENN INSURANCE COMPANY, Appellant, v RUSSELL S. MATTHEWS, Respondent.—In a pro-

ceeding pursuant to CPLR article 75 to permanently stay arbitration of an underinsured motorist claim, the petitioner appeals (1) from an order of the Supreme Court, Nassau County (Roberto, J.), dated April 13, 1989, which denied the application without prejudice to renewal in Albany County, and (2) from an order of the same court, dated May 24, 1989, which denied its motion, in effect, for reargument.

Ordered that the order dated April 13, 1989, is reversed, on the law and as a matter of discretion, without costs or disbursements, and the petition is granted; and it is further,

Ordered that appeal from the order dated May 24, 1989, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument.

Although the Supreme Court did not address the issue of coverage upon its finding that the application to stay arbitration was more appropriately brought in Albany County, we are of the opinion that the issues raised may be decided as a matter of law and no purpose would be served in delaying the ultimate resolution of the instant dispute.

The respondent was not entitled to recover underinsured motorist benefits under Insurance Law § 3420 (f) (2) or the underinsured motorist endorsement of the policy issued by the appellant to the respondent's sister, with whom he allegedly resided at the time of the accident at issue. The language of the endorsement, which parallels the language of Insurance Law § 3420 (f) (2), provides for underinsured motorist coverage when the bodily injury liability limits of the policy held by the motorist responsible for damages in an automobile accident are less than the limits of bodily injury liability contained in the claimant's policy. Here, the policy of the owner of the vehicle in which the respondent was injured as a result of a one-vehicle accident allowed recovery for bodily injury of up to $10,000 per person and $20,000 per occurrence. This coverage was the same as the limits provided in the policy issued to the respondent's sister. Therefore, the respondent is not entitled to recover under the terms of the underinsured motorist endorsement (see, e.g., Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 953; Nationwide Mut. Ins. Co. v Figliomeni, 147 AD2d 942; cf., Matter of Liberty Mut. Ins. Co. v Balaran, 163 AD2d 314). Since the respondent cannot claim coverage under the underinsured motorist endorsement containing an agreement to arbitrate, the appellant's alleged failure to timely move to stay arbitration within the statutory 20-day period specified in CPLR 7503 is immaterial (see, e.g., Matter of

*Matarasso [Continental Cas. Co.],* 56 NY2d 264, 266-267; *Matter of Continental Ins. Co. v Sarno,* 128 AD2d 870). Thompson, J. P., Kunzeman, Lawrence and Rosenblatt, JJ., concur.