■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v MANUEL ALBERTO, Appellant.—In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an underinsured motorist claim, Manuel Alberto appeals from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), entered January 16, 1990, which granted the petition.

Ordered that the judgment is affirmed, with costs.

The appellant contends that the Supreme Court erred in granting the petitioner a permanent stay of arbitration be-

cause his insurance policy did in fact provide "underinsurance" coverage. We disagree. In order to be covered against "underinsured" motorists, an insured must purchase optional "Supplementary Uninsured Motorist Insurance" (Insurance Law § 3420 [f] [2]; *see, Matter of Royal Ins. Co. v Vinciguerra,* 167 AD2d 873; *Matter of Metropolitan Prop. & Liab. Ins. Co. v Villarrubia,* 119 AD2d 576, 577). Here, the "declaration" page of the petitioner's policy clearly indicates that the appellant simply purchased uninsured motorist coverage *(see,* Insurance Law § 3420 [f] [1]). Moreover, the space for what the petitioner referred to as "underinsured" motorist coverage, which is the commonly known name for "Supplementary Uninsured Motorist Insurance", was blank. Also, the policy does not include a supplementary uninsured motorist insurance endorsement *(see, Matter of Royal Ins. Co. v Vinciguerra, supra,* at 874; *Terwilliger v American Motorists Ins. Co.,* 156 AD2d 805, 806). Based on the foregoing, we find that the policy did not provide "underinsured" motorist coverage. Accordingly, the Supreme Court properly granted the petition. O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.