■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Appellant, v NANCY ANNUNZIATO, Respondent.—In a proceeding to stay arbitration of an underinsured motorist claim, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated September 5, 1990, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and arbitration of the underinsured motorist claim is stayed.

The respondent was involved in an automobile accident on or about May 23, 1988. She settled her claim against the allegedly negligent driver of the other automobile for the full amount of the other driver's policy limits. She then served a demand for arbitration upon her own insurer, the petitioner Liberty Mutual Insurance Company, seeking underinsured motorist coverage. The petitioner commenced this proceeding to stay arbitration on the ground that the subject policy does not provide underinsurance coverage. The Supreme Court concluded that the policy was ambiguous in that it could be interpreted as providing coverage for both uninsured and underinsured vehicles under its provisions for uninsured coverage, and denied the application. We now reverse and grant the application.

While any ambiguity concerning the kind of coverage that was obtained must be interpreted in favor of the insured *(see, Terwilliger v American Motorists Ins. Co.,* 156 AD2d 805, 806), the only reasonable interpretation of the policy here is that the respondent did not purchase optional underinsured motorist coverage. The "declarations" page refers to a specific endorsement by number indicating that the respondent obtained "uninsured" motorist coverage with limits of liability mandated by statute *(see,* Insurance Law § 3420 [f] [1]). It is clear that the respondent did not pay an additional premium for "Supplementary Uninsured Motorist Insurance" which was necessary for her to obtain coverage in the event she was in an accident with an "underinsured" motorist *(see,* Insurance Law § 3420 [f] [2]; *Matter of Liberty Mut. Ins. Co. v Alberto,* 186 AD2d 658; *Reichel v Government Empls. Ins. Co.,* 66 NY2d 1000; *Matter of Royal Ins. Co. v Vinciguerra,* 167 AD2d 873; *Matter of Metropolitan Prop. & Liab. Ins. Co. v Villarrubia,* 119 AD2d 576).

It is true that the subject policy applies to certain accidents where the allegedly offending vehicle has insurance, but this is so only in those cases where the other coverage is less than the minimum limits of liability required under New York law. The language used in the policy is consistent with the statutory requirement for providing uninsured coverage for accidents involving financially irresponsible motorists, and decisional law interpreting the scope of such coverage (see, Matter of Federal Ins. Co. v Watnick, 176 AD2d 38, 41; Lunger v Hartford Acc. & Indem. Co., 38 AD2d 857, 858; Matter of Neals v Allstate Ins. Co., 34 AD2d 265). The policy language is not ambiguous and cannot be construed as providing underinsurance coverage which the respondent did not elect to purchase. Eiber, J. P., Ritter, Pizzuto and Santucci, JJ., concur.