■ In the Matter of EMPIRE INSURANCE COMPANY, Appellant, v MADELON VITUCCI, Respondent. [597 NYS2d 31] —Judgment (denominated an order), Supreme Court, New York County (Shirley Fingerhood, J.), entered September 28, 1992, which denied a petition to stay arbitration, unanimously reversed, on the law, and the petition granted, without costs.

On April 5, 1989, respondent was involved in an automobile accident. The driver of the other vehicle was insured with Country Wide Insurance Company for the statutory minimum, which sum was tendered by said insurer. Thereafter, respondent, whose alleged damages exceeded the Country Wide policy, pursued an underinsurance claim against petitioner, her own insurer, which then informed respondent that her policy did not contain such coverage. Respondent thereupon demanded arbitration upon her underinsurance claim.

Contrary to the IAS Court, we find no ambiguity in this insurance policy or the coverage provided therein. The body of the policy makes reference to underinsurance coverage "[i]f the Underinsured Motorists Coverage Endorsement is attached to this policy". No such endorsement was attached, and its absence is conclusive *(Terwilliger v American Motorists Ins. Co.,* 156 AD2d 805). Furthermore, respondent offered no proof that she paid for such coverage, or that it was mistakenly omitted from the policy. Concur—Milonas, J. P., Rosenberger, Wallach and Ross, JJ.