■ COUNTRY WIDE INSURANCE COMPANY, Appellant, v CAROL DUMAWAL, Respondent. [606 NYS2d 174] —Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered September 11, 1992, denying a petition for permanent stay of arbitration, unanimously reversed, on the law, and the petition is granted, without costs.

Respondent purchased a policy of automobile insurance from petitioner with liability limits of $100,000/300,000 for bodily injury, $25,000 property damage, and $10,000/20,000 uninsured motorist coverage. After an accident with another vehicle that was minimally insured, respondent settled with that vehicle's insurer for the $10,000 limit of that policy, and then served a demand upon petitioner for arbitration of an underinsured motorist claim in the amount of $100,000.

Uninsured motorist coverage (i.e., for bodily injury or death caused by an uninsured vehicle) is mandatory in this State (Insurance Law § 3420 [f] [1]), whereas additional underinsured motorist coverage (referred to in the statute as "supple-

mentary uninsured motorists insurance for bodily injury") is available only "at the option of the insured" (§ 3420 [f] [2]). Where the insured fails to purchase such optional insurance, the coverage is not available *(Matter of Liberty Mut. Ins. Co. v Annunziato,* 187 AD2d 429). The declaration page of respondent's policy indicates the statutory minimum uninsured motorist coverage ($10,000/20,000), with no indication of a supplementary endorsement for additional underinsured motorist coverage. That omission is conclusive *(Matter of Liberty Mut. Ins. Co. v Alberto,* 186 AD2d 658), except where proof is adduced that the insured paid for such additional coverage, or that it was mistakenly omitted from the policy *(Matter of Empire Ins. Co. v Vitucci,* 192 AD2d 484). This record is devoid of any such evidence. The petition for permanent stay of arbitration should have been granted. Concur—Ellerin, J. P., Wallach, Kupferman and Rubin, JJ.