■ In the Matter of AETNA CASUALTY AND SURETY COMPANY, Appellant, v JAMIE BONDY, Respondent. [611 NYS2d 33] — In a proceeding to stay arbitration of an underinsured motorist claim, the petitioner Aetna Casualty and Surety Company appeals from an order of the Supreme Court, Nassau County (Ain, J.), dated February 27, 1992, which dismissed its peti-

tion, vacated a temporary stay of arbitration, and directed the parties to proceed to arbitration.

Ordered that the order is affirmed, with costs.

The respondent was injured when a car in which she was riding as a passenger collided with a vehicle owned and operated by Enrique P. Navarro. After reaching the limits of Navarro's policy, the respondent served the petitioner, Aetna Casualty and Surety (hereinafter the carrier), with a demand for arbitration of her claim, pursuant to the underinsured motorist endorsement of her parents' insurance policy with the carrier. The carrier now appeals from the denial of its application to stay arbitration.

In seeking the stay of arbitration, the carrier argues that the respondent improperly failed to exhaust the available primary underinsured motorist coverage from the owner/operator of the vehicle in which she was a passenger before claiming excess coverage under the carrier's policy. The carrier's argument is, thus, in essence, that a condition of arbitration has not been complied with. In such a case, in contrast to a situation in which the parties never agreed to arbitrate, the carrier, by failing to move to stay arbitration within the statutory 20-day period specified in CPLR 7503, has forfeited its right to a stay on that ground (see, Matter of Matarasso [Continental Cas. Co.], 56 NY2d 264; see also, Matter of All-state Ins. Co. v Bonilla, 116 AD2d 571, 572). Accordingly, the court properly denied the carrier's untimely motion to stay arbitration. Thompson, J. P., Balletta, Rosenblatt and Copertino, JJ., concur.