■ In the Matter of HAROLD HARLEY, Appellant, v CNA INSURANCE COMPANY, Respondent. [622 NYS2d 539] —In a proceeding pursuant to CPLR article 75 to compel arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Kings County (Vinik, J.), dated October 26, 1993, which granted the respondent's motion to permanently stay arbitration and, in effect, denied the petition.

Ordered that the order is affirmed, with costs.

The petitioner was operating a motor vehicle not owned by him when he was involved in an accident which allegedly was caused by another driver. Approximately two years after the accident, the petitioner attempted to make a claim against the insurance carrier of the offending vehicle and was informed that the $10,000/20,000 liability policy covering that vehicle had already been exhausted by claims made by others injured in the accident. Thus, the petitioner attempted to recover under the uninsured motorist endorsement of the insurance policy issued by the respondent to the owner of the vehicle that he had been operating. The respondent rejected the petitioner's claim because the offending vehicle was not an "uninsured automobile" as that term is defined in the respondent's insurance policy. The petitioner unsuccessfully sought to compel arbitration of his uninsured motorist claim, and this appeal ensued.

The uninsured motorist endorsement at issue defines an uninsured automobile, in part, as follows: "an automobile with respect to the ownership, maintenance or use of which there is, in the amounts specified in the New York Motor Vehicle Financial Security Act, neither (i) cash or securities on deposit with the New York Commissioner of Motor Vehicles nor (ii) a bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same disclaims liability or denies coverage thereunder". Contrary to the petitioner's contention, the insurance carrier of the offending vehicle did not deny coverage. In fact, it provided coverage to its insured, but had exhausted the limits of that coverage by the time the petitioner made his claim. Thus, as the Supreme Court concluded, the offending vehicle was not an uninsured automobile, and the petitioner was not entitled to arbitration under the uninsured motorist endorsement issued by CNA.

The fact that the application to stay the arbitration was made more than 20 days after the demand for arbitration was served *(see,* CPLR 7503 [c]) is immaterial as the petitioner may not claim coverage under the uninsured motorist endorsement containing an arbitration agreement when no coverage exists *(see, Matter of Matarasso [Continental Cas. Co.],* 56 NY2d 264; *Matter of Liberty Mut. Ins. Co. v Panetta,* 187 AD2d 719; *Matter of Colonial Penn Ins. Co. v Matthews,* 169 AD2d 721). Bracken, J. P., Rosenblatt, O'Brien and Altman, JJ., concur.