■■■ In the Matter of the Arbitration between WILLIAM L. STECK, JR., Appellant, and STATE FARM INSURANCE COMPANY, Respondent. [624 NYS2d 502] —Order affirmed without costs. Memorandum: Petitioner was seriously injured in an automobile accident. The insurer of the other vehicle involved in the accident paid the full policy limit of $300,000 to settle petitioner's personal injury claim. Thereafter, petitioner, whose personal liability policy with respondent had coverage limits of $100,000/300,000 and underinsurance limits of $100,000, sought underinsurance benefits from respondent. Respondent denied the claim, asserting that there was no underinsurance coverage because the coverage on the other vehicle exceeded petitioner's coverage. Petitioner served a demand to arbitrate the underinsurance claim pursuant to the arbitration clause in his policy. Supreme Court properly granted respondent's application to stay arbitration.

We reject the contention of petitioner that the court erred in granting the stay of arbitration because the 20-day period in which to seek arbitration had expired *(see,* CPLR 7503 [c]). Where, as here, an insured's policy limits do not exceed the policy limits of the other vehicle, there is no underinsurance coverage *(see, Maurizzio v Lumbermens Mut. Cas. Co.,* 73 NY2d 951; *Matter of Commercial Union Ins. Co. [Raymond],* 172 AD2d 988, 989, *lv denied* 78 NY2d 858). In the absence of underinsurance coverage, an insurance carrier is not barred by its failure to move to stay arbitration within the required 20-day period *(see, Matter of Colonial Penn Ins. Co. v Matthews,* 169 AD2d 721, 722-723; *see also, Matter of Matarasso [Continental Cas. Co.],* 56 NY2d 264, 266; *Matter of Liberty Mut. Ins. Co. v Panetta,* 187 AD2d 719, 720; *United States Fid. & Guar. Co. v Housey,* 162 AD2d 523, 524; *Matter of Maryland Cas. Co. v Hopkins,* 142 AD2d 946, *lv denied* 73 NY2d 702).

All concur except Fallon, J., who dissents and votes to reverse in the following Memorandum.

Fallon, J. (dissenting). I respectfully dissent. CPLR 7503 (c) provides in pertinent part that, unless the party served with a notice of intention to arbitrate applies to stay the arbitration

within 20 days after such service, "he shall thereafter be precluded from objecting that a valid agreement was not made or has not been complied with".

The failure to move for a stay within 20 days of the receipt of a demand is generally a complete bar to judicial intrusion and, as a Statute of Limitations, the time to move for a stay of arbitration cannot be extended by the court even for good cause shown *(Cowper Co. v Clintstone Props.,* 120 AD2d 976, 977).

The majority concludes that the narrow exception to this rule, created by the Court of Appeals in *Matter of Matarasso (Continental Cas. Co.)* (56 NY2d 264), applies and that Supreme Court therefore properly granted a stay of arbitration to respondent. I disagree.

In *Matarasso,* the Court stated that the "rule barring judicial intrusion into the arbitral process operates only when an agreement to arbitrate exists" *(Matter of Matarasso [Continental Cas. Co.], supra,* at 267). Thus, an untimely motion to stay arbitration may be entertained when "its basis is that the parties never agreed to arbitrate, as distinct from situations in which there is an arbitration agreement which is nevertheless claimed to be invalid or unenforceable because its conditions have not been complied with" *(Matter of Matarasso [Continental Cas. Co.], supra,* at 266). Importantly, *Matarasso* involved a commercial umbrella liability policy that did not contain a provision for uninsured/underinsured insurance and hence respondent was not a party to any agreement providing uninsured/underinsured motorist protection or requiring arbitration of such claims.

In *Matter of Allstate Ins. Co. v Bonilla* (116 AD2d 571), involving uninsured coverage, the insurance carrier made an untimely motion to stay arbitration on the grounds that the policy had been cancelled and that the tortfeasor's vehicle was covered by insurance. In reversing Supreme Court, the Second Department held that the exception set forth in *Matarasso* did not apply because the issues were whether the arbitration clause was still in effect as of the date of the accident and whether the offending vehicle was covered by insurance, not whether there was an agreement to arbitrate *(Matter of Allstate Ins. Co. v Bonilla, supra,* at 572).

Likewise, in the recent Second Department case of *Matter of Aetna Cas. & Sur. Co. v Bondy* (203 AD2d 561), respondent was injured while a passenger in a motor vehicle involved in a collision with another vehicle. After reaching the limits of the

tortfeasor's insurance, respondent served a demand to arbitrate upon petitioner. In seeking a stay of arbitration, petitioner alleged that respondent improperly failed to exhaust the primary underinsured motorist coverage available from the owner-operator of the vehicle before claiming the excess from her own carrier. The Court held that "[t]he carrier's argument is, thus, in essence, that a condition of arbitration has not been complied with. In such a case, in contrast to a situation in which the parties never agreed to arbitrate, the carrier, by failing to move to stay arbitration within the statutory 20-day period specified in CPLR 7503, has forfeited its right to a stay on that ground" *(Matter of Aetna Cas. & Sur. Co. v Bondy, supra,* at 562, citing *Matter of Matarasso [Continental Cas. Co.], supra; Matter of Allstate Ins. Co. v Bonilla, supra).*

Here too, as the majority candidly concedes, there is an agreement to arbitrate in the existing policy. The crux of respondent's argument, apart from the conclusory labelling of it as one based on "no agreement to arbitrate", is that a *condition* of the policy was not met because the insured's policy limits did not exceed the policy limits of the other vehicle. Under that circumstance, the court had no discretion to extend the 20-day Statute of Limitations.

The majority cites the Second Department case of *Matter of Colonial Penn Ins. Co. v Matthews* (169 AD2d 721) in support of its conclusion. I submit that *Colonial Penn,* to the extent that it is on point, is not consistent with prior decisional law and should not be followed.

In *Matter of Maryland Cas. Co. v Hopkins* (142 AD2d 946, *lv denied* 73 NY2d 702), this Court, in reversing Special Term's denial of petitioner's application for a stay of arbitration, which was untimely pursuant to CPLR 7503 (c), held that the failure to stay arbitration within the required 20-day period generally constitutes a bar to judicial intrusion in the arbitration proceeding, but that a recognized exception exists where " 'the parties never agreed to arbitrate, as distinct from situations in which there is an arbitration agreement which is nevertheless claimed to be invalid or unenforceable because the conditions have not been complied with' " *(Matter of Maryland Cas. Co. v Hopkins, supra,* at 947, quoting *Matter of Matarasso [Continental Cas. Co.], supra,* at 266). The declarations page of the insurance policy indicated that respondent failed to purchase underinsured motorist coverage containing an agreement to arbitrate. This Court held that petitioner had demonstrated the absence of an agreement to arbitrate and

that the dispute was therefore brought within the recognized exception to the 20-day period specified in CPLR 7503 (c). As noted above, in the case at bar, there is an agreement to arbitrate in the subject policy.

In my view, the conclusion reached by the majority here constitutes an improvident extension of the holding of the Court of Appeals in *Matarasso (supra)*, and will operate to eviscerate the mandate of CPLR 7503 (c). I would reverse, holding that Supreme Court lacked jurisdiction to entertain the application because it was not timely. (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Stay Arbitration.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.