■ In the Matter of LANCER INSURANCE COMPANY, Respondent, v ARTHUR NECHAMKUS et al., Respondents, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant. [774 NYS2d 63]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the appeal is from an order of the Supreme Court, Nassau County (Martin, J.), dated January 2, 2003, which granted the petition.

Ordered that the order is affirmed, with costs.

On April 2, 1999, a vehicle owned and operated by Arthur

Nechamkus was involved in a multi-vehicle rear-end collision on Bruckner Boulevard in the Bronx. Mr. Nechamkus, two passengers in his vehicle, Sally Green and Dolores Shapiro, and the operators of the other vehicles, Hurbert Pullam and Yun Ming Lin, allegedly were injured.

On or about March 19, 2002, Mr. Nechamkus and his wife, Barbara Nechamkus, commenced an action to recover damages for personal injuries against Yun Ming Lin and Qui Ping Chen, the owner of the vehicle operated by Yun Ming Lin, alleging that Yun Ming Lin's negligence proximately caused the accident. State Farm Mutual Automobile Insurance Company, which insured the alleged tortfeasors' vehicle, subsequently advised the attorney for Mr. and Mrs. Nechamkus that the $50,000 per accident limit of the alleged tortfeasors' automobile liability policy was previously exhausted in satisfaction of claims filed in 1999 by Pullam, Green, and Shapiro. On or about August 1, 2002, Mr. Nechamkus filed a demand for uninsured motorist arbitration with his commercial automobile liability carrier, the petitioner, Lancer Insurance Company, asserting that the alleged tortfeasors' vehicle was, in effect, uninsured (*see* Insurance Law § 3420 [f] [2]). The Supreme Court rejected that argument and permanently stayed the arbitration.

"[W]here, as here, an insurer has paid the full monetary limits set forth in the policy, its duties under the contract of insurance cease (*see, Champagne v State Farm Mut. Auto. Ins. Co.,* 185 AD2d 835, 837 [1992])" (*Presbyterian Hosp. in City of N.Y. v General Acc. Ins. Co. of Am.,* 229 AD2d 479, 480 [1996]). Moreover, the exhaustion of the alleged tortfeasors' policy limits in satisfaction of prior claims did not render that vehicle uninsured for purposes of the uninsured motorist endorsement of Mr. Nechamkus's policy with the petitioner (*see Matter of Harley v CNA Ins. Co.,* 212 AD2d 614 [1995]). S. Miller, J.P., Luciano, Adams and Cozier, JJ., concur.