■ NABER ELECTRIC CORP., Appellant, v HAWTHORNE CEDAR KNOLLS UNION FREE SCHOOL DISTRICT et al., Respondents. [835 NYS2d 652]—

In an action to recover damages for breach of contract and to foreclose a mechanic's lien, the plaintiff appeals from an order of the Supreme Court, Westchester County (Rudolph, J.), entered April 5, 2006, which granted the motion of the defendant Hawthorne Cedar Knolls Union Free School District to permanently stay arbitration and to dismiss the amended complaint insofar as asserted against it pursuant to CPLR 3211 (a) (5) and (7), and denied the plaintiff's cross motion to compel arbitration and for leave to serve a late notice of claim.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Hawthorne Cedar Knolls Union Free School District which was to permanently stay arbitration and substituting therefor a provision denying that branch of the motion, by deleting the provision thereof granting that branch of the motion of the defendant Hawthorne Cedar Knolls Union Free School District which was to dismiss the amended complaint insofar as asserted against it pursuant to CPLR 3211 (a) (5) and (7) and substituting therefor a provision denying that branch of the motion, and by deleting the provision thereof denying that branch of the plaintiff's cross motion which was to compel arbitration and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court erred in determining that the defendant Hawthorne Cedar Knolls Union Free School District (hereinafter the School District) moved to permanently stay arbitration within the deadline stipulated to by the parties. As the School District's motion to stay arbitration was untimely, it was precluded from asserting, inter alia, the plaintiff's failure to satisfy a condition precedent and the expiration of the limitations period as grounds for a stay (*see e.g. Matter of Allstate Ins. Co. v Calderon*, 14 AD3d 698 [2005]; *Matter of Allstate Ins. Co. v Miles*, 280 AD2d 472 [2001]; *Matter of Aetna Cas. & Sur. Co. v Bondy*, 203 AD2d 561 [1994]). Under the circumstances, the

Supreme Court should have denied that branch of the School District's motion which was to stay arbitration and granted that branch of the plaintiff's cross motion which was to compel arbitration.

In light of our determination, that branch of the School District's motion which was to dismiss the amended complaint should have been denied, as the merits of the School District's defenses underlying that branch of its motion will be determined by the arbitrator. For similar reasons, that branch of the plaintiff's cross motion which was for leave to serve a late notice of claim (*see* Education Law § 3813 [2-a]) was properly denied. Rivera, J.P., Ritter, Goldstein and Angiolillo, JJ., concur.