■ 47 MAMARONECK AVENUE CORPORATION et al., Appellants, v HARTFORD FIRE INSURANCE COMPANY et al., Respondents. [857 NYS2d 610]—

In an action, inter alia, for a judgment declaring that the defendants are obligated to pay the costs of defending an underlying action brought in the United States District Court, Southern District of New York, entitled *Rent-A-Center, Inc. v 47 Mamaroneck Avenue Corporation and Timothy Engel*, docket No. 2002 Civ. 0213 (CM), the plaintiffs appeal from an order of the Supreme Court, Westchester County (Rudolph, J.), entered November 30, 2006, which granted the defendants' motion for summary judgment declaring that the disclaimer of insurance coverage issued to them in the underlying action was valid and proper, and denied their cross motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the disclaimer of insurance coverage issued to the plaintiffs in the underlying action entitled *Rent-A-Center, Inc. v 47 Mamaroneck Avenue Corporation and Timothy Engel*, in the United States District Court, Southern District of New York, under docket No. 2002 Civ. 0213 (CM) was valid and proper.

In 2000 the plaintiff 47 Mamaroneck Avenue Corporation leased property to Rent-A-Center, Inc. (hereinafter RAC). In January 2002 RAC commenced the underlying action in the United States District Court for the Southern District of New York, alleging, inter alia, that 47 Mamaroneck Avenue Corporation and its president Timothy Engel, "embarked on a plan of harassment and coercion with the intention of causing RAC to terminate its leasehold," which included "[t]respassing upon [RAC's] premises and interfering with RAC's business by appearing, unannounced, accompanied by Fire Department personnel and the City Building Inspector . . . to solicit or elicit non-existent fire code violations." On December 18, 2003 a decision was rendered in the underlying action, among other things, dismissing RAC's claims sounding in tort.

In the instant action, the plaintiffs seek to recover from the defendant insurance carriers the costs of defending the underlying action. In the order appealed from, the Supreme Court concluded that there was "no coverage under the policy of insurance for the underlying action," and therefore, there was no duty to defend.

On appeal, the plaintiffs argue that the allegations of wrongful eviction and/or wrongful entry were covered under the "personal and advertising injury" provision of the policy for claims that the insured committed various offenses including

the "wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a *person* occupies, committed by or on behalf of its owner, landlord or lessor" (emphasis added).

Although the term "person" is not defined in the policy, the definition of "personal and advertising injury" in the policy distinguishes between "person" and "organization;" defamation of a "person or organization" is included in the definition, while the wrongful eviction and wrongful entry is limited to "the right of private occupancy of a room, dwelling or premises that a *person* occupies" (emphasis added). Since RAC was not a natural person, any invasion of its leasehold was not covered by the definition of "personal and advertising injury" (*see Stonelight Tile, Inc. v California Ins. Guar. Assn.*, 150 Cal App 4th 19, 58 Cal Rptr 3d 74 [2007]; *Mirpad, LLC v California Ins. Guar. Assn.*, 132 Cal App 4th 1058, 34 Cal Rptr 3d 136 [2005]; *Supreme Laundry Servs. v Hartford Cas. Ins. Co.*, 2007 WL 839991 [ND Ill], 2007 US Dist LEXIS 18134 [ND Ill 2007]).

"A disclaimer is unnecessary when a claim does not fall within the coverage terms of an insurance policy" (*Markevics v Liberty Mut. Ins. Co.*, 97 NY2d 646, 648 [2001]; *see Zaccari v Progressive Northwestern Ins. Co.*, 35 AD3d 597, 599 [2006]). Since the claims in the underlying action were not covered by the policy, no disclaimer was required. In any event, the requirement in Insurance Law § 3420 (d) that a written notice of disclaimer shall be given "as soon as is reasonably possible" only applies to claims arising from "death or bodily injury," which are not at issue in this case (*see Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188 [2000]).

The plaintiffs' remaining contentions either are without merit or need not be addressed in light of our determination.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for entry of an appropriate judgment (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Lifson, J.P., Florio, Angiolillo and Chambers, JJ., concur.