■ WILLIAM NAFASH, JR., Respondent, v ALLSTATE INSURANCE COMPANY, Appellant, et al., Defendant. [28 NYS3d 381]—

In an action, inter alia, to recover damages for breach of an automobile insurance contract, the defendant Allstate Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Toussaint, J.), dated April 10, 2015, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Allstate Insurance Company for summary judgment dismissing the complaint insofar as asserted against it is granted.

In his complaint, the plaintiff alleged, among other things, that on March 12, 2009, he purchased an automobile insurance policy from the defendant Allstate Insurance Company (hereinafter Allstate). The automobile insurance policy provided coverage for bodily injury liability in the amount of $250,000 per person, and $500,000 per occurrence. Additionally, the automobile insurance policy contained supplementary uninsured/underinsured motorists (hereinafter SUM) coverage in the amount of $100,000 per person, and $300,000 per occurrence. On June 6, 2009, the plaintiff purchased a personal umbrella policy (hereinafter PUP) which provided excess insurance coverage of $1,000,000 per occurrence. On September 9, 2009, the plaintiff sustained injuries in a motor vehicle accident with nonparty Nigel Lewis. Thereafter, he commenced an action against Lewis, which was settled in April 2010 for Lewis's full insurance policy limit of $100,000. In the instant action, the plaintiff seeks to recover SUM coverage for his personal injuries. Allstate moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion.

In support of its motion for summary judgment, Allstate submitted certified copies of both the automobile insurance policy and the PUP. In order to be covered against underinsured motorists, an insured must purchase optional SUM coverage (see Insurance Law § 3420 [f] [2]; Matter of Liberty Mut. Ins.

*Co. v Alberto*, 186 AD2d 658, 659 [1992]). When a policyholder purchases SUM coverage in New York, he or she is insuring against the risk that a tortfeasor "(1) may have no insurance whatsoever; or (2) even if insured, is only insured for third-party bodily injury at relatively low liability limits, in comparison to the policyholder's own liability limits for bodily injury sustained by third-parties" (11 NYCRR 60-2.1 [a]; *see Matter of Unitrin Auto & Home Ins. Co. v Gelbstein*, 109 AD3d 663, 663-664 [2013]).

Here, in support of its motion for summary judgment, Allstate demonstrated that the PUP did not include SUM coverage. The plaintiff's contention that Allstate was estopped from denying SUM coverage based upon its untimely disclaimer of coverage is without merit since "[a] disclaimer is unnecessary when a claim does not fall within the coverage terms of an insurance policy" (*Markevics v Liberty Mut. Ins. Co.*, 97 NY2d 646, 648 [2001]; *see 47 Mamaroneck Ave. Corp. v Hartford Fire Ins. Co.*, 50 AD3d 952, 954 [2008]; *Zaccari v Progressive Northwestern Ins. Co.*, 35 AD3d 597, 599 [2006]).

The SUM endorsement contained in the plaintiff's automobile insurance policy contained coverage limits of $100,000 per person, and further provided, in pertinent part, that "[t]he maximum amount payable under SUM coverage shall be the policy's SUM limits, reduced and thus offset by motor vehicle bodily injury liability insurance policy or bond payments received from, or on behalf of, any negligent party involved in the accident." Although the plaintiff's SUM coverage was triggered (*see Matter of Prudential Prop. & Cas. Co. v Szeli*, 83 NY2d 681, 686 [1994]), the plaintiff received $100,000 from the tortfeasor, which is equal to the limit of the SUM coverage that he purchased. Consequently, the amount that he was entitled to recover under the automobile insurance policy's SUM coverage was reduced to zero (*see Matter of Unitrin Auto & Home Ins. Co. v Gelbstein*, 109 AD3d at 664; *Weiss v Tri-State Consumer Ins. Co.*, 98 AD3d 1107, 1110-1111 [2012]).

Contrary to the plaintiff's contention, the SUM endorsement contained in his automobile policy did not violate Insurance Law § 3420 (f) (2) or 11 NYCRR 60-2.1. While an insured has the option of purchasing SUM coverage in an amount up to the bodily injury liability insurance limits of coverage provided under such policy, he or she is not required to purchase SUM coverage at that maximum amount. Neither the statute nor the regulation prohibit insurers from offering SUM coverage with limits that are less than the bodily injury liability limits of coverage in the policy.

The Supreme Court should have granted the branches of Allstate's motion which were for summary judgment dismissing the plaintiff's causes of action alleging fraud and violation of General Business Law § 349. " 'The essential elements of a cause of action sounding in fraud are a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury' " (*Chung v Wang*, 79 AD3d 693, 694-695 [2010], quoting *Orlando v Kukielka*, 40 AD3d 829, 831 [2007]). The plaintiff's complaint does not allege any specific misrepresentation or omission by Allstate upon which he relied to his detriment (*see* CPLR 3016 [b]; *Dumas v Fiorito*, 13 AD3d 332 [2004]). Moreover, even assuming that Allstate made a misrepresentation or omission regarding the limits of the SUM coverage being offered to him in order to induce him to purchase the insurance policies, the plaintiff received the policies months before he was involved in the accident. An insured is "conclusively presumed to have read and assented to the terms" of an insurance policy that he or she has received (*Loevner v Sullivan & Strauss Agency, Inc.*, 35 AD3d 392, 394 [2006]; *see Busker on Roof Ltd. Partnership Co. v Warrington*, 283 AD2d 376, 377 [2001]). As such, the plaintiff cannot have justifiably relied upon any misrepresentation or omission regarding his coverage once he actually received copies of the automobile insurance policy and the PUP.

"The elements of a cause of action to recover damages for deceptive business practices under General Business Law § 349 are that the defendant engaged in a deceptive act or practice, that the challenged act or practice was consumer-oriented, and that the plaintiff suffered an injury as a result of the deceptive act or practice" (*Valentine v Quincy Mut. Fire Ins. Co.*, 123 AD3d 1011, 1015 [2014]). "A party claiming the benefit of General Business Law § 349 must, as a threshold matter, charge conduct that is consumer oriented," i.e., conduct that has a "broad impact on consumers at large" (*JP Morgan Chase Bank, N.A. v Hall*, 122 AD3d 576, 581 [2014] [internal quotation marks omitted]). Here, the alleged misconduct attributed to Allstate was not consumer-oriented, but rather involved the terms of insurance contracts unique to the parties (*see JP Morgan Chase Bank, N.A. v Hall*, 122 AD3d at 581; *Wilner v Allstate Ins. Co.*, 71 AD3d 155, 163 [2010]; *see also New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 320 [1995]).

Contrary to the Supreme Court's determination, the motion for summary judgment was not premature. " 'The mere hope or

speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion' " (*Le Grand v Silberstein*, 123 AD3d 773, 775 [2014], quoting *Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]). Here, the plaintiff failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of Allstate (*see Le Grand v Silberstein*, 123 AD3d at 775; *Conte v Frelen Assoc., LLC*, 51 AD3d 620, 621 [2008]).

Accordingly, the Supreme Court should have granted Allstate's motion for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Austin, Sgroi and Barros, JJ., concur.