State Farm Mut. Auto. Ins. Co. v Premium Laundry Corp. (2024 NY Slip Op 03449)

State Farm Mut. Auto. Ins. Co. v Premium Laundry Corp.

2024 NY Slip Op 03449

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2020-03427
 (Index No. 606010/17)

[*1]State Farm Mutual Automobile Insurance Company, respondent, 
v
Premium Laundry Corp., defendant, Mario Martinez, etc., appellant.

Krenstel Guzman Herbert, LLP, New York, NY (Marcia K. Raicus of counsel), for appellant.
Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman, Michael P. Versichelli, and Frank M. Misiti of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff is not obligated to indemnify the defendant Premium Laundry Corp. in an underlying action entitled Martinez v Premium Laundry Corp., commenced in the Supreme Court, Bronx County, under Index No. 304226/12, the defendant Mario Martinez appeals from a judgment of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered February 24, 2020. The judgment, insofar as appealed from, upon an order of the same court entered January 22, 2020, among other things, granting that branch of the plaintiff's motion which was for summary judgment declaring that it is not obligated to indemnify the defendant Premium Laundry Corp. or pay any part of the judgment entered against the defendant Premium Laundry Corp. in the underlying action, declared that the plaintiff is not so obligated.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In November 2011, Margarita Martinez (hereinafter the decedent) was struck and killed by a 2004 Ford Econoline van (hereinafter the 2004 Ford) operated by an employee of Premium Laundry Corp. (hereinafter Premium Laundry). The 2004 Ford was owned by Minerva Xiras Corporation (hereinafter Minerva), a business related to Premium Laundry. Premium Laundry and Minerva were both wholly owned by Joseph Xiras and operated out of the same premises. State Farm Mutual Automobile Insurance Company (hereinafter State Farm) issued two insurance policies, one covering the 2004 Ford and a separate policy covering a 2000 GMC Savana owned by Premium Laundry. Although the vehicles were owned by different entities and insured separately, the employees of the two businesses used the vehicles interchangeably, often making deliveries and pickups for both businesses in the same trip.
Mario Martinez (hereinafter the appellant), individually and as the administrator of the decedent's estate, commenced an action entitled Martinez v Premium Laundry Corp. in the Supreme Court, Bronx County, under Index No. 304226/12, seeking to recover damages related to the decedent's death (hereinafter the underlying action). Although State Farm advised Premium Laundry that it had no duty to indemnify Premium Laundry on the basis that the 2004 Ford was not [*2]covered under Premium Laundry's policy, State Farm nonetheless defended Premium Laundry in the underlying action under the Minerva policy on the basis of possible vicarious liability, because a Premium Laundry employee was driving the 2004 Ford when the accident occurred. The underlying action resulted in a judgment in favor of the appellant and against Premium Laundry. As part of a settlement agreement resolving the underlying action, Premium Laundry assigned its rights against State Farm to the appellant.
State Farm, during the pendency of the underlying action, commenced this action, seeking a judgment declaring that it is not obligated to indemnify Premium Laundry or pay any part of the judgment entered against Premium Laundry in the underlying action. In June 2019, State Farm moved, inter alia, for summary judgment declaring that it is not obligated to indemnify Premium Laundry or pay any part of the judgment entered against Premium Laundry in the underlying action. In an order entered January 22, 2020, the Supreme Court granted State Farm's motion. In a judgment entered February 24, 2020, upon the order, the court, inter alia, declared that State Farm is not obligated to indemnify Premium Laundry or pay any part of the judgment entered against Premium Laundry in the underlying action. This appeal ensued.
"Pursuant to Insurance Law § 3420(d), an insurer is required to provide its insured and any other claimant with timely written notice of its disclaimer or denial of coverage on the basis of a policy exclusion, and will be estopped from disclaiming liability or denying coverage if it fails to do so" (AVR-Powell C Dev. Corp. v Utica First Ins. Co., 174 AD3d 772, 774). However, there is a well-established distinction between "denial of coverage . . . by reason of exclusion rather than a lack of inclusion," and "[a] disclaimer is unnecessary when a claim does not fall within the coverage terms of an insurance policy" (Markevics v Liberty Mut. Ins. Co., 97 NY2d 646, 648; see Nafash v Allstate Ins. Co., 137 AD3d 1088, 1089). Thus, in order for the notice requirements of Insurance Law § 3420(d)(2) to apply, the party seeking to avail itself of that protection must identify an exclusion but for which the policy would apply to the claim (see Zappone v Home Ins. Co., 55 NY2d 131, 137-138; State Farm Fire & Cas. Co. v Raabe, 100 AD3d 738, 739).
Here, State Farm met its prima facie burden by submitting the Premium Laundry policy, which unambiguously identified the 2000 GMC Savana as the covered vehicle, whereas the vehicle involved in the accident was the 2004 Ford. In opposition, the appellant failed to raise a triable issue of fact as to whether the policy applied to the claim or to identify any exclusion but for which the policy would have covered the claim. As the Premium Laundry policy, by its terms and without reference to any endorsement or exclusion, did not cover the claim, it was unnecessary for State Farm to provide notice of this fact to the appellant (see Maxwell Plumb Mech. Corp. v Nationwide Prop. & Cas. Ins. Co., 116 AD3d 740, 741).
Furthermore, the appellant failed to raise a triable issue of fact as to whether the "Non-Owned Car" or "Temporary Substitute Car" provisions of the Premium Laundry policy were applicable. The Premium Laundry policy defines a "Non-Owned Car," in pertinent part, as a car that is neither owned by the insured nor available for its regular use. The deposition testimony submitted by State Farm and the appellant demonstrated that Premium Laundry and Minerva employees used both corporations' vehicles without distinction to make their deliveries and pickups, and that the 2004 Ford was routinely driven by the Premium Laundry driver involved in the accident. Given its regular use by the Premium Laundry driver, the 2004 Ford does not qualify as a "Non-Owned Car." The "Temporary Substitute Car" provision applies only to a car that replaces the insured car "for a short time," and then only due to the latter's "breakdown[,] servicing[,] repair[,] loss[,] or destruction." The appellant presented no evidence as to the condition of the 2000 GMC Savana, the insured vehicle under the Premium Laundry policy, or evidence that any of the criteria were satisfied.
The appellant's remaining contention has been rendered academic in light of our determination.
Accordingly, the Supreme Court properly granted that branch of State Farm's motion which was for summary judgment declaring that it is not obligated to indemnify Premium Laundry or pay any part of the judgment entered against Premium Laundry in the underlying action.
DILLON, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court