SLEEPY HOLLOW DEVELOPMENT AND COMMUNITY IMPROVEMENT HOUSING DEVELOPMENT FUND COMPANY, INC., Appellant, v MICHAEL J. DE ANGELIS et al., Respondents.

Third Department, March 11, 1976

Oppenheim & Drew (Stephen L. Oppenheim of counsel), for appellant.

Ralph A. Horton for respondents.

GREENBLOTT, J. P. In 1968, respondent De Angelis, an architect, entered into a contract with Sleepy Hollow Redevelopment and Community Improvement Corporation (hereinafter Redevelopment Corporation) for services in connection with a housing project known as Sleepy Hollow Community on Route 42 in Monticello, to be erected by the corporation. Paragraph X of the contract provides for arbitration of disputes thereunder "in accordance with the provisions * * * of the Standard Form of Arbitration Procedure of the American Institute of Architects." Respondent contends that arbitration in accordance with those provisions is to be had under the auspices of the American Arbitration Association (hereinafter A.A.A.).

In February, 1972, respondent entered into a contract, on a form of the Federal Housing Administration, with petitioner, Sleepy Hollow Development and Community Improvement Housing Development Fund Company, Inc. This agreement calls for respondent to provide architectural services in connection with "F.H.A. Project No. [number set forth] Sleepy Hollow Community Development" on Route 42 in Monticello. Petitioner had been incorporated on January 7, 1972, and there is no indication in the record that the corporate existence of Redevelopment Corporation terminated; in fact, the Redevelopment Corporation enacted a resolution to the effect

that "the name Sleepy Hollow Development and Community Improvement Housing Dvelopment Fund Company, Inc., does not so nearly resemble the corporate title of Sleepy Hollow Redevelopment and Community Improvement Corporation as to tend to confuse or deceive the general public", and consenting to the incorporation of the latter corporation (petitioner), thus indicating that the existence of Redevelopment Corporation was intended to be continued. While it appears that some persons who were principals of the earlier corporation are principals of petitioner as well, the record is barren as to any other facts indicating the relationship of the two corporations, whether one succeeded to the rights and obligations of the other, whether the projects contemplated in the two contracts were legally identical, and if not, the status of the project which was the subject of the 1968 contract, and of that contract itself. The only possible reference in the 1972 contract to the 1968 contract is a statement in paragraph 2 of the former that "[t]he provisions of this Agreement supersede and void all inconsistent provisions of any prior contract between the parties hereto for the services to be performed hereunder." Insofar as is relevant to the case at bar, the 1972 contract also provides: "15. All questions in dispute under this Agreement shall be submitted to arbitration at the choice of either party."

Ultimately a dispute arose concerning additional fees claimed by respondent to be due him under the 1972 agreement. On March 11, 1975, De Angelis served upon petitioner a notice of intention to arbitrate the dispute pursuant to the provisions of both the 1972 and 1968 agreements, said arbitration to be conducted by an arbitrator designated by the A.A.A. The notice advised that unless petitioner applied for a stay of arbitration pursuant to CPLR 7503 (subd [c]) within *10* days of service, petitoner would be precluded from raising the issue that a valid agreement was not made or complied with. Fifty-one days later, petitioner obtained an order to show cause why arbitration should not be stayed. In the order appealed from, petitioner's application to stay arbitration was dismissed as untimely.

Since the arbitration sought by respondent would encompass provisions of the 1968 agreement, petitioner's claim that it is not a party to that agreement would ordinarily entitle it to raise the objection that a valid agreement was not made. (Moreover, if indeed the 1968 agreement is not operable,

petitioner's objection to arbitration under the auspices of A.A.A. would be well-taken, since the 1972 agreement does not provide a method for selection of an arbitrator, wherefore CPLR 7504 would apply.) It is clear to us that upon the facts as outlined hereinabove, a viable issue exists as to whether the 1968 agreement is a valid agreement which can be enforced in arbitration against this petitioner.

Whether or not the ultimate facts warrant a conclusion that petitioner is a proper party against whom that agreement can be enforced cannot and should not be determined at this stage. We must determine whether Special Term correctly concluded that petitioner waived its right to raise this issue by failing to timely apply for a stay of arbitration. CPLR 7503 (subd [c]) sets forth various requirements with which a notice of intention to arbitrate must comply, including a requirement that the notice state "that unless the party served applies to stay the arbitration within *twenty* days after such service he shall thereafter be precluded from objecting that a valid agreement was not made" (italics added). The statute goes on to provide that an application to stay arbitration must be made within 20 days, or the party shall be so precluded. As previously discussed, the notice served by respondent contained only a 10-day notice, but petitioner did not move to stay arbitration for 51 days. The court at Special Term found that since the statute speaks for itself in establishing a time limit for moving to stay arbitration, the error in the notice was not such a defect as to invalidate the notice.

We do not agree with this conclusion. In *Matter of Hesslein & Co. v Greenfield* (281 NY 26), it was squarely held that the validity of the time limitation for applying for a stay (10 days under then applicable law) depends upon the sufficiency of the notice. In the ensuing years, the decisions have consistently refused to permit preclusion even where the defects in the notice were of a less substantial nature (see, e.g., *State Farm Mut. Auto. Ins. Co. v Szwec,* 36 AD2d 863; *Matter of Maresca [MVAIC],* 29 AD2d 925; 8 Weinstein-Korn-Miller, NY Civ Prac, par 7503.29).* The general conclusion which emanates from these decisions is that one who would require strict compliance by another or cut off that other's rights must himself be held to the fullest standards of practice. This

---

* Some of the defects which were held to have prevented preclusion in these and other cases are alleged to be present here as well. In view of our decision, however, we do not deem it necessary to pass upon their effect.

conclusion is buttressed by the very structure of the statute. Had the Legislature intended the statute alone to be sufficient notice of time limitations so as to preclude important rights upon noncompliance, there would have been no purpose to the requirement that notice of the time limits be contained in the notice of intention to arbitrate.

Respondent contends that petitioner participated in the arbitration process to the extent of choice of situs and selection of an arbitrator, and therefore has waived its right to seek a stay. The record is insufficiently developed to permit such a conclusion at this time in the face of petitioner's denials. Because a hearing is required on the merits of petitioner's claim that a valid agreement was not made, the issue of participation by petitioner should also be developed.

The order should be reversed, on the law, with costs, and the matter remitted to Special Term for further proceedings not inconsistent herewith. The respondents are hereby stayed from proceeding with arbitration pending the hearing and determination of petitioner's petition.

KOREMAN, P. J., SWEENEY, KANE and MAHONEY, JJ., concur.

Order reversed, on the law, with costs, and matter remitted to Special Term for further proceedings not inconsistent herewith. Respondents are hereby stayed from proceeding with arbitration pending the hearing and determination of petitioner's petition.