■ In the Matter of the Arbitration between ALLSTATE INSURANCE COMPANY, Appellant, and JULIETTE METAYER, Respondent.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered July 6, 1987, denying petitioner's motion to stay arbitration on the ground that it was untimely made, unanimously reversed, on the law and on the facts, without costs or disbursements, the motion granted and the petition remanded for consideration of the merits.

Having been involved, on July 12, 1986, in a motor vehicle accident in which the other driver, operating a stolen vehicle, fled the scene, respondent Juliette Metayer, insured by Allstate under an automobile liability policy containing the statutory insured motorist endorsement, served, by certified mail, a demand for arbitration on April 15, 1987. The demand was mailed from New York City to Allstate's office in Farmingdale in Suffolk County. By certified mail postmarked May 6, 1987, Allstate petitioned for a stay of arbitration. On joinder of issue, the motion court denied the stay application as untimely. Since the petition for a stay was timely served as a matter of law, we reverse and remand for consideration of the matter on the merits.

The law is well settled that the 20-day period provided in CPLR 7503 (c) is to be computed from the time the demand for arbitration is received, not from the time it is mailed. *(Matter of Knickerbocker Ins. Co. [Gilbert],* 28 NY2d 57, 64; *cf., Matter of Allstate Ins. Co. v Bonilla,* 116 AD2d 571.) In calculating the time in which a stay application is to be made, the day on which the demand is received is not included. *(Matter of Knickerbocker Ins. Co. [Gilbert], supra.)* Since, as all parties agree, the demand was not mailed until April 15, 1987, the earliest it could have been received in Suffolk County would have been April 16. Thus, even under a best-case scenario, as far as respondent is concerned, the 20-day statutory period would not have expired until May 6, 1987, the date on which the petition to stay arbitration was mailed, and it was clear error to find otherwise. In any event, however, a recently furnished, more legible copy of the stamp, "received", on the envelope containing the demand for arbitration shows that it was received on April 17, 1987. Thus, the issue is factually beyond any dispute. Concur—Kupferman, J. P., Sullivan, Ross, Asch and Ellerin, JJ.