OPINION OF THE COURT
Beatrice S. Burstein, J.
Petitioner insurer seeks a permanent stay of the arbitration demanded by respondent, its insured. The application is denied and the parties are directed to proceed to arbitration in the forum called for in respondent’s policy.
*678 Petitioner admits it insured respondent on the date of the underlying motor vehicle accident, which respondent has demonstrated was settled for $10,000, the full value of the policy of insurance covering the offending vehicle. Respondent claims he sustained injuries for which further compensation is warranted. At the heart of this matter is whether respondent’s policy provides for underinsured motorist coverage.
An orderly resolution of the issue raised requires the court to first determine the correctness of respondent’s contention that the petition is untimely. Respondent relies upon the rule set forth in CPLR 7503 (a), to the effect that a petition to stay arbitration must be brought within 20 days after service of the demand for arbitration. Respondent has computed the 20 days from the date he served his demand. However, "[t]he notice [or demand] to arbitrate does not start the time to respond until receipt”. (Matter of Knickerbocker Ins. Co. [Gilbert], 28 NY2d 57, 64 [1971].) This petition was served within 20 days following petitioner’s receipt of respondent’s demand. Therefore, it is timely.
Turning to the merits, petitioner contends its policy with respondent does not include underinsured motorist coverage. In pertinent part the policy on its face states as follows:
"part coverages limit of liability premium charges
c uninsured/under- $10,000 EACH person
insured motorists $20,000 each accident 2”
Certain form numbers also are listed on the face page under the title "endorsements made a part of this policy”, as follows: 18079-C, 16770-D and 16769. Petitioner claims that in order for a valid underinsured motorist claim to be made form 16068-C would have to be attached to the policy, because this endorsement is supplementary and not required as basic minimum coverage. There is no indication of form 16068-C on the policy face.
Petitioner urges that the policy be considered as a whole. However, it has failed to provide a copy of the policy or what it alleges the policy to be. The statement of its senior claims representative that petitioner’s "contract of insurance * * * does not automatically provide underinsured motorist coverage unless the insured elects to pay the additional premium” does not explain away the above-noted statement indicating "uninsured/underinsured motorists” under the heading "coverage” on the face of the policy.
When interpreting a provision of an insurance policy the *679 words employed are to be viewed from the standpoint of the average person’s understanding. (De Forte v Allstate Ins. Co., 81 AD2d 465 [4th Dept 1981].) Applying this concept here leads to the conclusion that the policy contains an inclusion for underinsured motorist coverage, and indicates a fee was paid. That conclusion is supported not only by the listing but also by the use of the plural in the term uninsured/underinsured motorists. Therefore, the issue is whether the policy indicates any exclusion for such coverage.
Form 16068-C defines "underinsured motor vehicle” and the conditions under which petitioner will provide underinsured motorist coverage. It also contains a section entitled "exclusions”, which provides, as relevant, that petitioner does not provide underinsured motorist coverage for a vehicle which is not insured for underinsured motorist coverage. However, according to petitioner, respondent never received a copy of this endorsement. Therefore, respondent’s policy apparently does not contain any statement to the effect that underinsured motorist coverage will not be provided under specified circumstances.
The burden of proving that a loss is within an exclusion is on the insurer (Facet Indus. v Wright, 62 NY2d 769 [1984]), which must show that its interpretation is the only reasonable one possible. (Sincoff v Liberty Mut. Fire Ins. Co., 11 NY2d 386 [1962].) Petitioner has not met that burden. There is no way in which an insured would know that he or she does not have underinsured motorist coverage unless the face page, which lists such coverage and a premium, also states that the policy contains form 16068-C.
Petitioner asserts, in the alternative, that even if there is coverage respondent is not entitled to arbitration before the American Arbitration Association because form 16068-C calls for common-law arbitration. However, as petitioner claims, without contradiction, form 16068-C never was attached to the policy respondent received. That policy apparently provides for arbitration by the American Arbitration Association. Petitioner is bound by that term.
Lastly, the court has not considered whether an offset provision bars the relief respondent seeks. This is because petitioner specifically and knowingly refused to address that issue, stating it "is not present in the case”, because respondent does not have the coverage at all. It has done so even though it argued in the alternative with respect to another *680 issue raised (the proper forum for arbitration if there is coverage).
Accordingly, as indicated above, petitioner’s application for a stay of arbitration is denied, the parties are directed to proceed to arbitration in the forum demanded by respondent, and respondent is granted judgment dismissing the petition.