■ In the Matter of AETNA CASUALTY AND SURETY COMPANY, Appellant, v EDWIN SCHULMAN, Respondent.—In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Burstein, J.), dated September 14, 1988, which denied its application and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, and arbitration of the respondent's supplementary uninsured motorist claim is permanently stayed.

The "declarations page" of the automobile insurance policy issued by the petitioner to the respondent indicates that the respondent purchased "uninsured/underinsured motorists" coverage. However, the Supreme Court correctly noted that the policy is otherwise arguably ambiguous with respect to whether the respondent purchased merely the required uninsured motorist coverage (see, Insurance Law § 3420 [f] [1]), or whether he also purchased the optional supplementary uninsured motorist coverage (see, Insurance Law § 3420 [f] [2]), commonly referred to as underinsured motorist coverage. Nevertheless, the Court of Appeals holding in Maurizzio v Lumbermens Mut. Cas. Co. (73 NY2d 951), decided after entry of the judgment appealed from, mandates that arbitration be stayed. Since the respondent clearly purchased a policy with a

$10,000 limit for bodily injury for any one person and since the policy covering the other vehicle involved in the accident also had a $10,000 limit, "underinsured" motorist coverage is "definitionally not available" *(Maurizzio v Lumbermens Mut. Cas. Co., supra,* at 953), and there is no claim to arbitrate. Thompson, J. P., Kunzeman, Harwood and Miller, JJ., concur. *[See,* 140 Misc 2d 677.]