In the Matter of the Arbitration between MICHIGAN MUTUAL INSURANCE COMPANY, Appellant, and VERNON MILLER, Respondent.

Second Department, August 12, 1991

---

## APPEARANCES OF COUNSEL

*Sweetbaum & Sweetbaum (Marshall D. Sweetbaum* of counsel), for appellant.

*Joseph Greene, P. C. (Kenneth F. Popper* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The appellant, Michigan Mutual Insurance Company, issued an automobile insurance policy to Lujay Supply Inc. The uninsured motorist endorsement of the policy contained the following provisions:

"OUR LIMIT OF LIABILITY applies except that we will apply the limit shown in the declarations to first provide the separate limits required by the New York Motor Vehicle Safety Responsibility Act as follows:

"a. $10,000 for *bodily injury* to any one person caused by any one accident,

"b. $20,000 for *bodily injury* to two or more persons caused by any one accident, and

"c. $5,000 for *property damage* caused by any *one accident.*

"This provision does not change *our* total limit of liability".

The policy's declaration sheet indicates liability coverage of "$500,000 CSL" and uninsured motorist coverage of "$20,000 CSL". The notation "CSL" following the listed coverage amounts denotes "single limit" coverage.

On September 9, 1985, the vehicle insured under the appellant's policy was involved in an accident with an uninsured motorist. The respondent Vernon Miller and Bryan Hunter, both of whom were occupants of the insured vehicle, sustained personal injuries as a result of the accident. By letter dated November 24, 1985, Vernon Miller's attorney contacted the appellant's agent and advised that since coverage for the offending vehicle had not been verified, "an uninsured motorist claim is herewith being presented". In a second letter of the same date, Miller's counsel forwarded certain "no-fault" benefit forms and informed the appellant's agent that further medical expenses would likely be incurred. Significantly, a 1986 medical bill submitted to the appellant by Dr. Stanley Hersh characterized the medical procedures undertaken as extremely difficult and, consequently, requested "extra [no fault] payment coverage".

In December 1987 and subsequent to being informed of the respondent Miller's intent to make a claim, the appellant paid Bryan Hunter a total of $17,500 in uninsured motorist bene-

fits. Thereafter, Miller made an application for uninsured motorist benefits in the sum of $10,000. The appellant rejected Miller's request for benefits and Miller demanded arbitration of his claim. By petition dated February 8, 1990, the appellant sought a permanent stay of arbitration. According to the appellant, its policy afforded only $20,000 in "single limit" uninsured motorist coverage. Since $17,500 had previously been paid to Bryan Hunter, the appellant argued that only $2,500 in benefits remained available under the policy. In opposition to the petition, Miller argued that Insurance Law § 3420 (f) (1) mandates a minimum of so-called "10/20" uninsured motorist coverage and that under the statute, the appellant was limited to paying no more than $10,000 to any one claimant where two or more covered persons are injured in the same accident. The respondent further argued that the policy's reference to coverage as "single limit" was unavailing since Insurance Law § 3420 (f) (1) provides that any policy which does not contain the required uninsured motorist coverage provisions "shall be construed as if such provisions were embodied therein" (Insurance Law § 3420 [f] [1]).

In the order appealed from, the Supreme Court, Nassau County, denied the appellant's motion for a permanent stay of arbitration. We affirm.

Significantly, "Insurance Law § 3420 (f) (1) requires every motor vehicle insurance policy to contain an uninsured motorist endorsement under which the insurer agrees that it will pay to an insured any damages caused by an owner or operator of an uninsured motor vehicle, a stolen vehicle and a motor vehicle operated without permission of the owner" *(Rowell v Utica Mut. Ins. Co.,* 77 NY2d 636, 639-640; *Fox v Atlantic Mut. Ins. Co.,* 132 AD2d 17, 25). The statute prescribes a minimum of $10,000 in coverage where one person is injured in an accident and $20,000 where two or more persons sustain injuries in any one accident *(see, Matter of Nationwide Mut. Ins. Co. [Miller],* 111 AD2d 438, 439; *cf., Morris v Progressive Cas. Ins. Co.,* 662 F Supp 1489, 1493-1495; *Matter of Allstate Ins. Co. v Libow,* 106 AD2d 110, 112-114, *affd* 65 NY2d 807; *Matter of Aetna Cas. & Sur. Co. v Schulman,* 162 AD2d 450, 451; *Matter of Allstate Ins. Co. [Richards],* 148 Misc 2d 759, 760).

Although Insurance Law § 3420 (f) (1) prescribes a minimum of $20,000 in uninsured motorist coverage when "more than one person" is injured in a single occurrence, the statute places a $10,000 limitation upon the payment of benefits to

any one individual in such a circumstance. Specifically, Insurance Law § 3420 (f) (1) states that when more than one person is injured in an accident involving an uninsured motorist, the payment of benefits shall be subject to the $10,000 "limit *for any one person so injured"* (emphasis added). Accordingly, under the relevant circumstances, and pursuant to Insurance Law § 3420 (f) (1), the appellant was obligated to pay no more than $10,000 of the available $20,000 in policy proceeds to any one injured claimant *(see, Matter of Richter v MVAIC,* 59 Misc 2d 374, 376-378; 30 NY Jur, Insurance, § 1244, at 686-687; 70 NY Jur 2d, Insurance, § 1535, at 467; *cf., Matter of Nationwide Mut. Ins. Co. [Miller],* supra, at 439).

Since the appellant exceeded the $10,000 statutory limitation by paying Bryan Hunter $17,500 in benefits it may not deduct its overpayment from the coverage which should otherwise have been available to the respondent Miller. Moreover, the language contained in the appellant's policy to the effect that coverage was to be "single limit" is unavailing inasmuch as Insurance Law § 3420 (f) (1) specifically states that the foregoing coverage requirements, if not contained in the policy, will be construed to be "embodied therein" *(Rowell v Utica Mut. Ins. Co., supra,* at 640; 12 Appleman, Insurance Law and Practice § 7049, at 248). The appellant cannot reasonably contend that it lacked notice of Miller's claim at the time it paid Hunter in 1987, since Miller's 1985 letters both revealed the extent of Miller's injuries and advised specifically that a claim for uninsured motorist benefits would be made.

Accordingly, the order appealed from is affirmed.

MANGANO, P. J., ROSENBLATT and O'BRIEN, JJ., concur.

Ordered that the order is affirmed, with costs.