■ In the Matter of AETNA CASUALTY AND SURETY COMPANY, Appellant, v JOSEPH P. KUNZ, Respondent.—In a proceeding to permanently stay the arbitration of a claim for underinsured motorist benefits, the petitioner Aetna Casualty and Surety Company appeals from a judgment of the Supreme Court, Nassau County (Molloy, J.), dated January 12, 1990, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and arbitration is permanently stayed.

Although the insurance policy at issue is arguably ambiguous as to whether the respondent had purchased merely the required uninsured motorist coverage (see, Insurance Law § 3420 [f] [1]) or whether he had also purchased underinsured motorist coverage (see, Insurance Law § 3420 [f] [2]), the petitioner was entitled to a stay of arbitration. Since the respondent clearly purchased a policy with a $10,000 limit for bodily injury for "each person" and $20,000 for "each accident" and since the policy covering the other vehicle involved in the accident had a limit of $25,000, "underinsured" motorist coverage was "definitionally not available" (see, Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 953; Matter of Aetna Cas. & Sur. Co. v Schulman, 162 AD2d 450, 451), and there can be no claim to arbitrate here. Thompson, J. P., Harwood, Balletta and Copertino, JJ., concur.