◼ In the Matter of AETNA CASUALTY AND SURETY COMPANY, Respondent, v MARIO CINISOMO, Appellant. [602 NYS2d 902] —In a proceeding to permanently stay the arbitration of a claim for underinsured motorist benefits, the appeal is from a judgment of the Supreme Court, Nassau County (Becker, J.), dated July 16, 1991, which granted the petition and denied the appellant's cross motion to dismiss the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the cross motion to compel arbitration is granted to the extent indicated herein.

Mario Cinisomo was allegedly injured in an automobile accident on April 22, 1989, and sought to claim underinsured

motorist benefits which he alleged existed under his automobile insurance policy issued by the petitioner Aetna Casualty and Surety Company (hereinafter Aetna). Cinisomo served Aetna with a demand for arbitration pursuant to CPLR 7503 (c) via certified mail on April 16, 1991. Aetna thereafter commenced this proceeding to stay arbitration by the service of a notice of petition and petition on May 6, 1991.

Contrary to Cinisomo's arguments, the Supreme Court properly determined that Aetna's petition to stay arbitration was timely served. Whether Aetna received Cinisomo's demand for arbitration on April 19th, as Cinisomo claims, or on April 23rd, as Aetna claims, the May 6th service of the notice of petition and petition clearly fell within the 20-day period set forth in CPLR 7503 (c) (see, Matter of Knickerbocker Ins. Co. [Gilbert], 28 NY2d 57, 64-65; Matter of Allstate Ins. Co. [Metayer], 137 AD2d 454).

Although Aetna's proceeding was timely, we find that Aetna was not entitled to a stay of arbitration. The declarations page which is at the heart of the parties' dispute shows under the coverage section, a space for "Part C, Uninsured/Underinsured Motorists, $10,000 each person, $20,000 each accident". This Court has twice found that the form used by Aetna for its declarations page is arguably ambiguous (see, Matter of Aetna Cas. & Sur. Co. v Kunz, 182 AD2d 685; Matter of Aetna Cas. & Sur. Co. v Schulman, 162 AD2d 450). Bearing in mind that any ambiguity concerning the kind of coverage that was obtained must be resolved in favor of the insured (see, Matter of Liberty Mut. Ins. Co. v Annunziato, 187 AD2d 429; Terwilliger v American Motorists Ins. Co., 156 AD2d 805), we find that Cinisomo was entitled to underinsured motorists coverage under the policy.

Since Cinisomo had underinsured motorist coverage, he was entitled to compel arbitration of his claim. However, we find that the American Arbitration Association is an improper forum for the arbitration. The insurance policy herein contains a mechanism for arbitration whereby each party was to select one arbitrator, and then those two arbitrators would select a third. Since Aetna's petition to stay arbitration was timely, Cinisomo is required to follow the arbitration procedures set forth in the policy (see, Matter of State Mut. Auto. Ins. Co. [Mercado], 52 NY2d 840; cf., Matter of Aetna Cas. & Sur. Co. v Jones, 188 AD2d 597).

Finally, we note, as conceded by Cinisomo in his reply brief, the extent of underinsured motorist coverage is limited to

$10,000 per person and $20,000 per accident. Balletta, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.