■ JOSEPHINE DIPIANO et al., Appellants, v GEORGE TRUCHLY, Respondent. [633 NYS2d 156] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered on or about February 27, 1995, which denied plaintiffs' motion for a direction that defendant comply with its demand for expert information by a date certain, unanimously affirmed, without costs, with leave to plaintiff to renew the motion before the IAS Court.

The court acted within its discretion when it determined that the case was at an early stage, such that there was not yet a need for a specific deadline by which defendant had to provide expert information pursuant to CPLR 3101 (d) (1). The IAS Court retains the power to prevent any abuse that may occur in further proceedings. Concur—Rosenberger, J. P., Rubin, Kupferman and Williams, JJ.

■ In the Matter of MIX CENTRE, LTD., Appellant, v DURRON M. BUTLER, Respondent. [633 NYS2d 157] —Order and judgment (one paper), Supreme Court, New York County (Walter Tolub, J.), entered on or about June 1, 1994, which denied petitioner's application to confirm an arbitration award, and granted respondent's cross motion to vacate the award, unanimously affirmed, without costs.

The award was properly vacated pursuant to CPLR 7511 (b) (2) (ii) since respondent was not bound by an arbitration clause or designation of an agent for service of process contained in an agreement that was not signed by him, or anyone else other than petitioner, and did not even mention his name. Nor did respondent participate in the arbitration hearing when an attorney appeared on his behalf and did nothing more than request an adjournment (*see, Matter of Fair v Continental Ins. Co.*, 203 AD2d 364; *Matter of IMG Publ. [Viesti]*, 170 AD2d 268). Concur—Sullivan, J. P., Ellerin, Wallach, Asch and Tom, JJ.