OPINION OF THE COURT
 

 Smith, J.
 

 The issue in this CPLR article 75 proceeding is whether an arbitration award was properly vacated. We hold that it was and thus affirm the order of the Appellate Division.
 

 Petitioner Blamowski was employed by Munson Transportation, Inc., a commercial trucking company, for eight years as a local driver in its Cheektowaga, Erie County, facility. In August 1989, the Freight Drivers, Helpers, Dockmen & Allied Workers Union Local 375 (Local 375) was certified as the bargaining representative for Blamowski and other Munson employees similarly situated at the Erie County facility. Munson and Local 375 entered into a collective bargaining agreement effec
 
 *193
 
 tive October 13, 1989 to October 13, 1992. The number of individuals in the "bargaining unit” represented by Local 375 never exceeded two or three workers and on or about August 1, 1990, the bargaining unit was reduced in size to just one employee — petitioner Blamowski — when one of the employees voluntarily left Munson’s employ.
 

 On or about April 17, 1992, Blamowski was asked, and agreed, to provide a urine sample as part of a random drug test instituted by his employer. The test results allegedly indicated that petitioner used marihuana and, consequently, he was terminated on April 24, 1992. Petitioner filed a grievance appealing his termination, and the grievance was denied on May 20, 1992. On June 4, 1992, an unfair labor practice charge was filed with the National Labor Relations Board (NLRB) alleging that Munson violated the National Labor Relations Act by unilaterally implementing a drug testing policy and by refusing to bargain over the termination of Blamowski. On June 19, 1992, the NLRB dismissed the unfair labor practice charge and refused to issue a complaint on the ground that the "bargaining unit” was "no longer appropriate, as it has been permanently reduced to one employee. The [NLRB] will not require an employer to bargain in a unit permanently consisting of only one employee.”
 

 On February 23, 1993, nine months after the grievance was formally denied, petitioner and Local 375 demanded arbitration through the American Arbitration Association (AAA) pursuant to an arbitration clause in the collective bargaining agreement. In response, Munson advised the AAA that it believed that the grievance was not subject to arbitration, and hence would not participate in the selection of the arbitrator or any other aspect of the arbitration. Several letters were sent to the AAA by Munson reiterating this position. However, the AAA informed Munson that it would continue with the administration of the arbitration unless a court ordered stay was received. No stay was obtained and arbitration continued. In a bifurcated proceeding, the AAA ruled that a valid enforceable collective bargaining agreement existed between the parties and, in June 1994, an award was made in favor of petitioner. The award declared that petitioner should be reinstated as a driver and paid for all lost wages and benefits.
 

 Pursuant to CPLR 7510, Blamowski sought confirmation of the arbitration award and Munson cross-moved to vacate the arbitration award and stay any further proceedings. Supreme Court confirmed the arbitration award. It concluded that a
 
 *194
 
 valid, bargaining agreement existed between Munson and Local 375 because the NLRB’s policy against requiring an employer to bargain with a unit consisting of a single employee did not have the effect of decertifying the union or invalidating the collective bargaining agreement. Instead, the court interpreted the cases as holding only that where an employer’s collective bargaining agreement encompasses only one bargaining unit, the employer may repudiate the contract. Supreme Court concluded that Munson had not repudiated the contract. Moreover, the court held that the issue of the timeliness of Blamowski’s notice of arbitration was an arbitrable matter. It stated, "The documents presented to the Court by Munson indicate that they never raised that issue in declining to submit to arbitration. * * * The issues which they now raise should properly have been the subject of the arbitration which Mun-son decided to forego in no uncertain terms.”
 

 The Appellate Division reversed. It held that "[bjecause there was only one unit employee employed on a permanent basis by respondent, it was free to terminate petitioner and was not bound by the collective bargaining agreement to arbitrate the grievance” (233 AD2d 846). The Court further concluded that since Munson did not participate in the selection of an arbitrator or in any other facet of the proceedings, it did not waive its right to challenge the arbitration. Finally, the Court stated that petitioner’s demand for arbitration failed to meet the requirements of CPLR 7503 (c). This Court granted leave to appeal. We now affirm.
 

 On this appeal petitioner contends that respondent received proper notice of the arbitration proceeding, that respondent participated in the arbitration proceeding and that a valid collective bargaining agreement required arbitration.
 

 An arbitrator’s award may be vacated only upon the grounds specified in CPLR 7511 (see,
 
 Geneseo Police Benevolent Assn. v Village of Geneseo,
 
 91 AD2d 858,
 
 affd
 
 59 NY2d 726). The statute provides, in relevant part, that "a party who neither participated in the arbitration nor was served with a notice of intention to arbitrate” (CPLR 7511 [b] [2]) may have the award vacated if a court finds that "the agreement to arbitrate had not been complied with” (CPLR 7511 [b] [2] [iii]). Assuming arguendo that an agreement to arbitrate was in effect on the date that petitioner demanded arbitration, we conclude that petitioner did not comply with that agreement, and the arbitral award must be vacated.
 

 
 *195
 
 First, as a threshold matter, we conclude that a proper notice of intention to arbitrate, as required by CPLR 7503, was not served on Munson. The statute provides, in relevant part, that:
 

 "A party may serve upon another party a demand for arbitration or a notice of intention to arbitrate, specifying the agreement pursuant to which arbitration is sought and the name and address of the party serving the notice * * *
 
 and stating that unless the party served applies to stay the arbitration within twenty days after such service he shall thereafter be precluded from objecting that a valid agreement was not made or has not been complied with and from asserting in court the bar of a limitation of
 
 time” (CPLR 7503 [c] [emphasis added]).
 

 The expiration of this 20-day period terminates a party’s right to contest the obligation to arbitrate. Thus, CPLR 7503 (c) is a critical notice provision in the statute. In fact, the validity of the 20-day limitation period depends upon the sufficiency of the notice
 
 (see, Matter of Hesslein & Co. v Greenfield,
 
 281 NY 26, 31). In the instant case, petitioner’s notice of arbitration did not contain the requisite language of CPLR 7503 (c) and, therefore, respondent employer cannot be said to have been "served with a notice of intention to arbitrate” within the meaning of CPLR 7511 (b) (2)
 
 (see also,
 
 8 Weinstein-KornMiller, NY Civ Prac ¶ 7503.29 ["Thus, it is well settled that unless the notice fully complies with statutory requirements it will not be effective in precluding the raising of these issues in a manner other than by motion to stay.”]). Consequently, respondent employer may properly seek the broader and additional remedies articulated in CPLR 7511 (b) (2).
 

 Next, we conclude that Munson did not participate in the arbitration. It is uncontroverted that Munson did not attend any of the arbitration hearings, did not participate in the selection of an arbitrator, and explicitly expressed its refusal to pay any part of the fees associated with the arbitration. These acts and omissions adequately evidence Munson’s nonparticipation in the arbitration
 
 (see, e.g., Matter of Mix Centre v Butler,
 
 221 AD2d 182 [appearance to request adjournment not participation];
 
 Matter of IMG Publ. [Viesti],
 
 170 AD2d 268 [counsel selected arbitrator and hearing date, but no participation];
 
 Matter of Standard Steel Section v Royal Guard Fence Co.,
 
 62 AD2d 1040 [participation found where appellant requested
 
 *196
 
 change of venue and extension of time to answer in a letter to the AAA and participated in selection of arbitrators and scheduling of arbitration hearing],
 
 Iv denied
 
 45 NY2d 707).
 

 We reject Blamowski’s argument that the employer’s transmittal of approximately six letters to the AAA over the course of several months constituted "participation” within the meaning of the statute. The first of these letters succinctly articulated the employer’s belief that it was no longer bound by the collective bargaining agreement and hence had no obligation to arbitrate the grievance. Subsequent letters authored by its counsel simply reiterated this position. That the final letter contained citations to case law and was forwarded to, and considered by, the arbitrator after the proceedings had been officially closed, does not alter the character of Munson’s communication with the AAA and transform the letters into participation in the arbitration proceeding.
 

 Finally, petitioner clearly did not comply with the agreement to arbitrate. Article 3 of the collective bargaining agreement delineated a three-step process through which a grievance would be addressed. According to section 3.09 of that agreement, the aggrieved party was required first to attempt to resolve the grievance through discussions with an immediate supervisor. If the grievance remained unresolved, the aggrieved party next had to make a formal written presentation to the employer. The employer was given 10 days from receipt of this formal complaint to respond. Finally, if settlement was unattainable, the grievance could be submitted to arbitration but only if done within five calendar days following receipt of the employer’s decision to deny the grievance. Here, the "Step 2 decision” — the employer’s denial of the formal written presentation — occurred in May 1992. Petitioner submitted the grievance to arbitration in February 1993, approximately nine .. months after receiving Munson’s letter denying his reinstatement. Clearly, petitioner did not comply with the agreement to arbitrate (see, CPLR 7511 [b] [2] [iii]).
 

 In sum, assuming the existence, at all relevant times, of a valid collective bargaining agreement between the parties, and petitioner’s failure to meet the basic requirements of either the arbitration agreement or CPLR 7503 (c), the arbitration award was properly vacated. As such, we need not and do not examine the propriety of the Appellate Division’s analysis of
 
 Stack Elec.
 
 (290 NLRB 575).
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 
 *197
 
 Chief Judge Kaye and Judges Titone, Bellacosa, Levine, Ciparick and Wesley concur.
 

 Order affirmed, with costs.