■ In the Matter of GREAT AMERICAN INSURANCE COMPANY et al., Respondents, v JOSE GARCIA, Appellant. [673 NYS2d 710] —In a proceeding to stay arbitration pursuant to CPLR article 75, Jose Garcia appeals from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated June 4, 1997, as, upon directing a hearing on the issue of whether he was involved in a hit-and-run accident, granted the petition to the extent of permanently staying arbitration before the American Arbitration Association and directed that, if the issue to be determined at the hearing was resolved in his favor, arbitration was to be before a three-member panel as contemplated by the insurance policy.

Ordered that the order is affirmed insofar as appealed from, with costs.

We reject the appellant's contention that arbitration must take place before the American Arbitration Association. Since the insurance policy contained a mechanism for arbitration whereby each party was to select one arbitrator, and those two arbitrators would then select a third, the appellant is required to follow the arbitration procedures set forth in the policy (*see, Matter of State Mut. Auto. Ins. Co. [Mercado],* 52 NY2d 840; *Matter of Allstate Ins. Co. v Geller,* 218 AD2d 797; *Matter of Aetna Cas. & Sur. Co. v Cinisomo,* 197 AD2d 683). New York State law does not mandate the court to direct proceedings before the American Arbitration Association (*see, Matter of State Mut. Auto. Ins. Co. [Mercado], supra*). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.