■ In the Matter of the Arbitration between ALBERT BIALEK ASSOCIATES INC., Respondent, and NORTHWEST-ATLANTIC PARTNERS INC., Appellant. [674 NYS2d 352] —Judgment, Supreme Court, New York County (William McCooe, J.), entered on or about April 4, 1997, confirming an arbitration award in favor of petitioner, unanimously reversed, on the law, without costs, the motion to confirm the award denied, and the motion to vacate the award granted.

As is relevant to the instant matter, CPLR 7503 (c) provides that a demand for arbitration or notice of intention to arbitrate must state, among other things, that "unless the party served applies to stay the arbitration within twenty days after such service he shall thereafter be precluded from objecting that a valid agreement was not made or has not been complied with." CPLR 7511 thereafter sets forth the grounds on which an arbitration award may be vacated. Subdivision (b) (2) provides that an award "shall be vacated on the application of a party

who neither participated in the arbitration nor was served with a notice of intention to arbitrate" where a court finds that "a valid agreement to arbitrate was not made" (CPLR 7511 [b] [2] [ii]) or "the agreement to arbitrate had not been complied with" (CPLR 7511 [b] [2] [iii]).

According to the constitution of the New York Real Estate Board, pursuant to which petitioner sought the arbitration at issue, the concluding section of the "Arbitration Procedure," entitled "The Controlling Law," provides that "[p]rocedural rules for the institution and enforcement of arbitration are controlled by CPLR. Article 75 Sections 7501-7514." Thus, the terms of CPLR 7511 as well as CPLR 7503 (c) control the validity of the "institution" of the arbitration at issue. It is undisputed that the demand for arbitration notice respondent received in the instant matter did not mention respondent's right to seek a stay within 20 days.

The award in the instant matter must be vacated in light of the Court of Appeals decision in *Matter of Blamowski (Munson Transp.)* (91 NY2d 190), which holds unequivocally that, as a threshold matter, the failure to serve proper notice of intention or demand to arbitrate in full compliance with CPLR 7503 (c) renders such notice ineffective, and respondent cannot be said to have been properly served for purposes of CPLR 7511 (b). In *Blamowski*, as here, the demand to arbitrate failed to include any mention of respondent's right to seek a stay within 20 days of said notice; this failure entitled the respondent in *Blamowski* to a vacatur of the arbitration award, and respondent in the instant matter is entitled to the same relief under CPLR 7511 (b) (2) (iii).

However, because we conclude, as did the IAS Court, that a valid agreement to arbitrate, as set forth in the constitution of the Real Estate Board, governs the instant dispute, the dispute may be the subject of a new arbitration hearing.

Motion denied insofar as it seeks leave to appeal to the Court of Appeals and granted insofar as it seeks reargument. This Court's unpublished decision and order entered on December 2, 1997 (Appeal No. 62122) is recalled and vacated and a new decision and order substituted therefor, decided simultaneously herewith. Concur—Milonas, J. P., Rosenberger, Nardelli, Rubin and Tom, JJ.