■ In the Matter of NORTHERN ASSURANCE COMPANY OF AMERICA, Appellant, v JENNIFER A. BOLLINGER et al., Respondents. [683 NYS2d 101] —In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the petitioner appeals from a judgment of the Supreme Court, Nassau County (DeMaro, J.), entered January 20, 1998, which, upon an order of the same court, entered December 1, 1997, denying the petition and granting the cross motion of Jennifer A. Bollinger and Elliot Vanegas to confirm the award, is in favor of Jennifer A. Bollinger and against it in the principal sum of $275,000, and in favor of Elliot Vanegas and against it in the principal sum of $150,000.

Ordered that the judgment is reversed, on the law, with costs, the order entered December 1, 1997, is vacated, the petition is granted, the cross motion is denied, the arbitration award is vacated, and the parties are directed to proceed to arbitration in accordance with the terms of the insurance policy.

The demand for arbitration of Jennifer A. Bollinger and Elliot Vanegas (hereinafter the respondents) in accordance with the rules of the American Arbitration Association and subsequent notices from the American Arbitration Association with respect to the arbitration stated that the insurance policy number under which arbitration was sought was ZY6740P when the policy number was in fact NJ-KA10087. It appears that the respondents derived the number ZY6740P from a "reference number" on the declarations page of the policy. However, the reference number which appears on the declara-

tions page is in fact ZY67480P. The number ZY6740P bore no reference to the respondents' account with the appellant.

Thus, it is apparent that the appellant did not receive notice of "the agreement pursuant to which arbitration is sought" as required by CPLR 7503 (c). It is well-settled that "one who would require strict compliance" with the provisions of CPLR article 75 must "be held to the fullest standards of practice" (*Sleepy Hollow Dev. & Community Improvement Hous. Dev. Fund Co. v De Angelis,* 51 AD2d 267, 270). In this computerized age, failure to include proper identifying numbers makes it impossible to determine if there is any basis to move to stay arbitration within the 20-day period. Since "[t]he expiration of this 20-day period terminates a party's right to contest the obligation to arbitrate * * * the validity of the 20-day limitation period depends on the sufficiency of the notice" (*Matter of Blamowski [Munson Transp.],* 91 NY2d 190, 195). No proper demand for arbitration was served; therefore the appellant was not bound by the 20-day limitation period (*see, Matter of Nassau Ins. Co. [Clemente],* 100 AD2d 969; *State Farm Mut. Auto. Ins. Co. v Szwec,* 36 AD2d 863) for moving to stay arbitration in accordance with the rules of the American Arbitration Association (*see, Matter of Aetna Cas. & Sur. Co. v Jones,* 188 AD2d 597).

Since the petitioner did not participate in the arbitration, it may seek to vacate the award on the ground that the agreement to arbitrate was not complied with (*see,* CPLR 7511 [b] [2] [iii]).

In its petition to vacate the award, the appellant noted that the insurance policy mandated common-law arbitration by three arbitrators (*see, Matter of Aetna Cas. & Sur. Co. v Cinisomo,* 197 AD2d 683). Accordingly, arbitration by one arbitrator in accordance with the rules of the American Arbitration Association violated the agreement to arbitrate (*see, Matter of Lassiter v CNA Ins. Co.,* 195 AD2d 362). The parties are directed to proceed to arbitration in accordance with the policy provisions (*see, Matter of Great Am. Ins. Co. v Garcia,* 250 AD2d 850). Copertino, J. P., Joy, Krausman and Goldstein, JJ., concur.