■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v LAUREN SCUDERO, Appellant. [824 NYS2d 300]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the appeal is from an order of the Supreme Court, Nassau County (Bucaria, J.), dated August 8, 2005, which granted the petition and permanently stayed arbitration.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

On August 13, 2004, Lauren Scudero served a notice of intent to arbitrate an uninsured motorist claim on State Farm Mutual Automobile Insurance Company (hereinafter State Farm). Almost six months later, State Farm commenced this proceeding for a permanent stay of arbitration on the ground that Scudero had previously made an identical demand to arbitrate a claim for uninsured motorist benefits, and State Farm was granted a permanent stay of arbitration based on the court's finding that the alleged offending vehicle was insured by New York Central Mutual Fire Insurance Company. The Supreme Court granted State Farm's petition for a permanent stay of arbitration, finding that it was barred by the doctrine of res judicata. We reverse.

A petition to stay arbitration must be brought within 20 days of service of a notice of intent to arbitrate (CPLR 7503 [c]). "This limitation is strictly enforced and a court has no jurisdiction to entertain an untimely application" (*Matter of Metropolitan Prop. & Liab. Ins. Co. v Hancock*, 183 AD2d 831, 832 [1992]). We reject State Farm's contention that the 20-day limitation period does not apply when the basis for the stay is res judicata (*see Matter of Allcity Ins. Co. [Vitucci]*, 151 AD2d 430, 431 [1989], *affd* 74 NY2d 879, 880 [1989]). Accordingly, the proceeding was untimely and should have been dismissed.

In light of our determination, it is unnecessary to reach the merits of whether the arbitration was barred by the doctrine of res judicata. Crane, J.P., Ritter, Rivera and Lunn, JJ., concur.