■ In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v FERNANDO CASTILLO-GOMEZ, Appellant, et al., Respondents. [824 NYS2d 159]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, Fernando Castillo-Gomez appeals from an order of the Supreme Court, Nassau County (Davis, J.), dated August 15, 2005, which denied his motion to dismiss the proceeding as untimely and granted the petition.

Ordered that the order is reversed, on the law, with costs, and the appellant's motion to dismiss the proceeding as untimely is granted.

The appellant claimed that he was injured as a result of an accident on March 30, 2003 caused by an allegedly uninsured vehicle. On April 9, 2003 his attorney sent to his insurer, the petitioner Government Employees Insurance Company (hereinafter Geico) a letter by certified mail, return receipt requested, claiming no-fault insurance benefits, uninsured motorist benefits, and supplemental uninsured motorist (hereinafter SUM) benefits. The letter contained a statement pursuant to CPLR 7503 (c) that the appellant "intends and provides this notice of claimant's intention to demand arbitration" and that Geico would be precluded from objecting, inter alia, that a valid agreement had not been made or complied with unless it applied to stay arbitration within 20 days after receipt of the notice.

By document entitled "Request for SUM Policy Arbitration" received May 3, 2005, the appellant notified Geico that he was demanding arbitration before the American Arbitration Association. Within 20 days of receipt of this demand, Geico commenced this proceeding to stay arbitration on the ground that the offending vehicle was insured on the date of the accident. The appellant moved to dismiss on the ground that the proceeding was not timely commenced, relying on the letter dated April 9, 2003 containing his notice of intention to arbitrate.

The Supreme Court stayed arbitration, finding that the proceeding was timely. It determined that the letter dated April 9, 2003 was not a valid demand for arbitration as it did not contain all of the information required by the American Arbitration Association Rules governing arbitration of SUM disputes, and thus, the 20-day period would be measured from the later demand for arbitration. This was error.

Where an insurance policy contains an agreement to arbitrate, CPLR 7503 (c) "requires a party, once served with a demand for arbitration, to move to stay such arbitration within 20 days of service of such demand, else he or she is precluded from objecting" (*Matter of Steck [State Farm Ins. Co.]*, 89 NY2d 1082, 1084 [1996]). The validity of the 20-day limitation depends on compliance with the requirements of CPLR 7503 (c) (*see State Farm Mut. Auto. Ins. Co. v Szwec*, 36 AD2d 863 [1971]) and not those of the rules promulgated by the American Arbitration Association. Since the appellant's April 9, 2003 notice of intention to arbitrate complied with all of the statutory requirements, it was sufficient to commence the 20-day period of limitations (*see*

*Matter of Blamowski [Munson Transp.],* 91 NY2d 190, 195 [1997]). Accordingly, the instant proceeding to stay arbitration, which was commenced more than 20 days after service of the intention to arbitrate, is time-barred (*see Matter of Transportation Ins. Co. v Desena,* 17 AD3d 478 [2005]; *Matter of Hartford Ins. Co. v Buonocore,* 252 AD2d 500 [1998]). Florio, J.P., Schmidt, Krausman and Lifson, JJ., concur.