■ In the Matter of STATE FARM INSURANCE COMPANY, Respondent, v EVADINE WILLIAMS, Appellant, et al., Respondents. [856 NYS2d 631]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, Evadnie Williams, incorrectly sued herein as Evadine Williams, appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated May 16, 2006, which granted the petition and, in effect, denied her motion to dismiss the proceeding as time-barred.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of whether the petitioner issued an insurance policy to Angela Sewell-Sinclair bearing the number 11-1952-T92, and for a new determination of the petition to stay arbitration and the motion to dismiss the proceeding thereafter.

On May 23, 2005 Evadnie Williams, incorrectly sued herein as Evadine Williams, was injured in an automobile collision while operating a motor vehicle owned by Angela Sewell-Sinclair. Williams subsequently served the petitioner, Sewell-Sinclair's insurer, with a series of notices of intention to arbitrate a claim for uninsured motorist benefits, dated June 22, 2005, September 2, 2005, and February 7, 2006, respectively. These notices conformed to the requirements of CPLR 7503 (c) and identified the number of the policy under which arbitration was being sought as 11-1952-T92. Although each notice apprised the petitioner of the statutory 20-day time limit within which to seek a stay of arbitration, the petitioner did not commence this proceeding to permanently stay arbitration until February 23, 2006, asserting that the other vehicle involved in the collision was insured.

Williams moved to dismiss the proceeding as barred by the expiration of the statutory 20-day time limit. In opposition, the petitioner produced an affidavit of a claims representative which recited that a search of the petitioner's records revealed that "there is no policy number 11-1952-T92," and that Sewell-Sinclair, in fact, had been insured under policy number 2866-452-11. Accordingly, the petitioner contended that the notices given by Williams were defective and never triggered the running of the 20-day period of CPLR 7503 (c). In reply, Williams contended that the notices were proper, and produced a copy of an insurance identification card which appeared to indicate that the petitioner issued to Sewell-Sinclair a policy bearing the number 11-1952-T92 and covering the vehicle operated by Williams, only three days before the accident.

The Supreme Court granted the petition to permanently stay arbitration, and, in effect, denied Williams's motion to dismiss the proceeding, finding that the notices provided by Williams contained an incorrect policy number.

An insurer which fails to seek a stay of arbitration within 20 days after being served with a notice of intention to arbitrate under CPLR 7503 (c) is generally precluded from objecting to the arbitration thereafter (*see Matter of Steck [State Farm Ins. Co.]*, 89 NY2d 1082 [1996]; *Matter of Spychalski [Continental Ins. Cos.]*, 45 NY2d 847 [1978]; *Aetna Life & Cas. Co. v Stekar-*

*dis*, 34 NY2d 182 [1974]; *Matter of Standard Fire Ins. Co. v Mouchette*, 47 AD3d 636 [2008]; *Matter of Travelers Prop. Cas. Corp. v Klepper*, 275 AD2d 234 [2000]). This rule is equally applicable to the arbitration of uninsured motorist claims, and an untimely application for a stay of arbitration will be rejected regardless of proof that the offending vehicle actually had insurance coverage (*see Matter of Travelers Indem. Co. v Castro*, 40 AD3d 1005 [2007]; *Matter of Hartford Ins. Co. v Buonocore*, 252 AD2d 500 [1998]).

All three mailings by Williams constituted notices of intention to arbitrate under CPLR 7503 (c) (*see Matter of Government Empls. Ins. Co. v Castillo-Gomez*, 34 AD3d 477 [2006]; *Matter of Nationwide Ins. Co. v Singh*, 6 AD3d 441 [2004]; *Matter of Nassau Ins. Co. [Clemente]*, 100 AD2d 969 [1984]). Accordingly, the commencement of this proceeding to stay the arbitration on February 23, 2006, approximately eight months after the petitioner's receipt of the notice of intent to arbitrate dated June 22, 2005, clearly exceeded the 20-day statutory time limit (*see Matter of Government Empls. Ins. Co. v Castillo-Gomez*, 34 AD3d 477 [2006]; *Matter of Nationwide Ins. Co. v Singh*, 6 AD3d 441 [2004]).

In support of its petition, the petitioner submitted an affidavit indicating that the policy number set forth on the notices was erroneous and did not exist, thereby making the notices defective and insufficient to trigger the running of the 20-day period (*see Matter of Northern Assur. Co. of Am. v Bollinger*, 256 AD2d 580 [1998]; *see generally Matter of Blamowski [Munson Transp.]*, 91 NY2d 190 [1997]; *Matter of Albert Bialek Assoc. [Northwest-Atlantic Partners]*, 251 AD2d 145 [1998]; *Sleepy Hollow Dev. & Community Improvement Hous. Dev. Fund Co. v De Angelis*, 51 AD2d 267 [1976]). However, the insurance card produced by Williams in reply raised a factual issue with regard to whether a policy with that number was, in fact, issued, in which case the notices would be valid and the instant proceeding would be time-barred. Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a hearing on the issue of whether the petitioner issued an insurance policy to Sewell-Sinclair bearing the number 11-1952-T92, and for a new determination of the petition to stay arbitration and the motion to dismiss the proceeding thereafter. Mastro, J.P., Ritter, Carni and McCarthy, JJ., concur.