In the Matter of TRAVELERS INDEMNITY COMPANY, Respondent, v QUISQEYA FERNANDEZ et al., Appellants. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Proposed Additional Respondents. [866 NYS2d 260]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the appeal is from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated April 23, 2007, which

granted that branch of the petition which was for a temporary stay of arbitration pending a hearing to determine whether the other offending vehicle maintained insurance.

Ordered that the order is affirmed, without costs or disbursements.

The appellants were involved in a two-car accident on April 27, 2003 and thereafter made a claim under the uninsured motorist benefits provision of the insurance policy issued by Travelers Indemnity Company (hereinafter Travelers) covering the vehicle they occupied at the time of the accident. The appellants made a demand for arbitration with the American Arbitration Association (hereinafter AAA) on their claim. After more than 20 days elapsed, Travelers filed a petition to stay the arbitration on the ground that uninsured motorist benefits were unavailable since the other offending vehicle, owned by Luciano Garcia, was insured at the time of the accident by State Farm Mutual Automobile Insurance Company (hereinafter State Farm). In an order dated August 21, 2006 the Supreme Court, inter alia, denied, as untimely, that branch of the petition which was for a permanent stay of arbitration since Travelers had not filed its petition within 20 days of being served with the appellants' arbitration demand, as required by CPLR 7503 (c)..

Thereafter, AAA closed its arbitration file, apparently because the appellants had not pursued arbitration for several months. Pursuant to the AAA's directive to the appellants' counsel, the appellants filed a new arbitration demand with AAA and served it on Travelers on February 21, 2007. Less than 20 days later, Travelers filed the instant (second) petition seeking to permanently stay arbitration on the ground that the Garcia vehicle had been insured by State Farm. Alternatively, Travelers sought a temporary stay of arbitration pending a framed-issue hearing on whether the Garcia vehicle had been insured. In support, Travelers relied on the police accident report which indicated that the Garcia vehicle had been insured by State Farm. State Farm opposed, contending that it had validly disclaimed coverage for the Garcia vehicle because its investigation revealed that the accident had been fraudulently staged. In the order appealed from, the Supreme Court held that the untimeliness of the first petition had no bearing on the instant petition, and granted that branch of Travelers' petition which was for a temporary stay pending a hearing. We affirm.

A party seeking a stay of arbitration must make such an application "within twenty days after service upon him of the [arbitration] notice or demand, or he shall be so precluded" (CPLR 7503 [c]; see Matter of Steck [State Farm Ins. Co.], 89

NY2d 1082, 1084 [1996]; *Matter of State Farm Ins. Co. v Williams*, 50 AD3d 807 [2008]; *Matter of United Servs. Auto. Assn. Prop. & Cas. Ins. Co. v DeRosa*, 36 AD3d 925 [2007]; *Matter of Government Empls. Ins. Co. v Castillo-Gomez*, 34 AD3d 477, 478 [2006]). Where the parties' agreement to arbitrate is not at issue, the 20-day limitation is treated as a statute of limitations such that a petition seeking a stay must be dismissed if it was filed more than 20 days after the arbitration notice or demand had been served upon that party (*see Matter of Steck [State Farm Ins. Co.]*, 89 NY2d at 1084; *Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d 264, 267 [1982]; *Matter of State Farm Mut. Auto. Ins. Co. v Scudero*, 33 AD3d 927 [2006]). Further, the 20-day limitation requires compliance with CPLR 7503 (c), not with the rules promulgated by the AAA (*see Government Empls. Ins. Co. v Castillo-Gomez*, 34 AD3d at 478):

Here, the appellants' second arbitration demand dated February 21, 2007 supplanted their original demand for arbitration, which was the subject of the Supreme Court's August 21, 2006, order (*cf. Matter of Allstate Ins. Co. [Pasternack]*, 121 Misc 2d 196, 199 [1983]). As such, Travelers' instant (second) petition for a stay of arbitration was timely filed, as it was made within 20 days after the appellants served their February 21, 2007, demand upon it (*see* CPLR 7503 [c]; *see Matter of Steck [State Farm Ins. Co.]*, 89 NY2d 1082, 1084 [1996]; *Matter of State Farm Ins. Co. v Williams*, 50 AD3d 807 [2008]). Further, since the issue of whether the Garcia vehicle was insured by State Farm was not adjudicated in the prior proceeding, the instant petition is not barred by the doctrine of res judicata (*cf. Matter of Allstate Ins. Co. v Williams*, 29 AD3d 688, 690 [2006]). As to the merits, the court properly granted that branch of Travelers' motion which was for a temporary stay of arbitration pending a framed-issue hearing to determine whether State Farm's disclaimer of coverage for the Garcia vehicle was proper since State Farm's proof of fraud was not conclusive.

The appellants' remaining contentions are either without merit or not properly before this Court. Fisher, J.P., Dillon, McCarthy and Belen, JJ., concur.