■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v TAYLOR RAYNOR, Appellant, et al., Respondents. [911 NYS2d 611]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, Taylor Raynor appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered January 28, 2010, which directed a hearing on all issues raised in the petition and on her cross motion to dismiss the proceeding as time-barred.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with one bill of costs to the appellant payable by the petitioner, and the cross motion to dismiss the proceeding as time-barred is granted.

The appellant alleged that she was injured as a result of an accident on May 15, 2009, caused by an uninsured vehicle. On June 12, 2009, the appellant's attorney sent her insurer, the petitioner, Allstate Insurance Company (hereinafter Allstate), a certified letter, return receipt requested, claiming no-fault benefits, uninsured motorist benefits, and supplemental insur-

ance benefits. The letter contained a notice of intention to arbitrate, and stated that unless Allstate applied to stay arbitration within 20 days after receipt of the notice, Allstate would thereafter be precluded from objecting, inter alia, that a valid agreement to arbitrate was not made or complied with. The appellant's attorney sent Allstate an American Arbitration Association "request for arbitration" form dated November 5, 2009. On November 20, 2009, Allstate commenced this proceeding pursuant to CPLR article 75 to stay arbitration on the ground that the offending vehicle was insured on the date of the accident.

The Supreme Court should have granted the appellant's cross motion to dismiss the proceeding as time-barred, as the proceeding was not commenced within 20 days of the June 12, 2009, notice of intention to arbitrate (see CPLR 7503 [c]; Matter of Liberty Mut. Ins. Co. v Zacharoudis, 65 AD3d 1353, 1354 [2009]; Matter of Government Empls. Ins. Co. v Castillo-Gomez, 34 AD3d 477, 478 [2006]; Matter of CNA [Pough], 99 AD2d 510 [1984]). Florio, J.P., Belen, Lott and Austin, JJ., concur.