Matter of Metropolitan Prop. & Cas. Ins. Co. v Anthony (2019 NY Slip Op 03662)





Matter of Metropolitan Prop. & Cas. Ins. Co. v Anthony


2019 NY Slip Op 03662


Decided on May 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2019

Sweeny, J.P., Gische, Tom, Gesmer, Singh, JJ.


9248 31065/17E

[*1]In re Metropolitan Property and Casualty Insurance Company, Petitioner-Appellant,
v
Ronald Anthony, Respondent-Respondent.


Bruno, Gerbino & Soriano, LLP, Melville (Nathan M. Shapiro of counsel), for appellant.
Yadgarov & Associates, PLLC, New York (Ronald S. Ramo of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered on or about September 13, 2018, which denied petitioner's motion to stay arbitration as untimely and dismissed the proceeding, unanimously affirmed, without costs.
Contrary to petitioner's contention, it was not permitted under North Carolina law to rescind the insurance policy ab initio after the accident involving an uninsured motorist had occurred. North Carolina insurance law prohibits rescission after an accident of any insurance "required" to be offered (see NC Gen Stat § 20-279.21[f][1]). This provision applies to prohibit rescission based on fraud in the application for insurance (see Odum v Nationwide Mut. Ins. Co., 101 NC App 627 [1991], review denied 329 NC 499 [1991]). Uninsured motorist coverage, which is required by statute to be included in all automobile insurance policies, is a "required" type of coverage (see Bray v North Carolina Farm Bur. Mut. Ins. Co., 341 NC 678 [1995]).
Respondent's service of the demand for arbitration for a second time, more than a year after the original service, did not restart the 20-day period for petitioner to seek a stay of arbitration under CPLR 7503(c) (cf. Matter of Travelers Indem. Co. v Fernandez, 55 AD3d 746 [2d Dept 2008] [new demand for arbitration restarted arbitration and 20-day period, where petition for stay had been dismissed as untimely, insured had taken no further action with AAA, and AAA had closed the arbitration]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 9, 2019
CLERK